Arthur L. HASKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–097–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 13, 1997.

W.A. Orr, Jr., Bay City, for Appellant.

Steven E. Reis, District Attorney, Bay City, Robinson C. Ramsey, San Antonio, for State.

Before DORSEY, YANEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellant Arthur Haskins was charged by information with the misdemeanor offense of driving while intoxicated ("DWI").[1] A jury found him guilty and assessed punishment at confinement in the Matagorda County Jail for ninety days and a fine of $1000. In two points of error, appellant challenges the factual sufficiency of the evidence and the trial court's failure to allow appellant to testify during the punishment phase concerning a prior out-of-state conviction. We affirm in part and reverse and remand in part.

> A person is intoxicated if he does not have the normal use of mental or physical faculties by reason of the introduction of alcohol ... into the body; or
>
> ha[s] an alcohol concentration of 0.10 or more.

---

**1.** Tex. Penal Code Ann. § 49.04(a) (Vernon 1995).

**2.** Appellant told DeLeon he was somewhat stiff from driving a long time and that his legs were

Tex. Penal Code Ann. § 49.01(2)(A), (B) (1994).

▮ In point of error one, appellant asserts the evidence is factually insufficient to sustain his conviction. When we consider a claim of factual insufficiency, we review all of the evidence and set aside the verdict only if it is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. *Clewis v. State,* 922 S.W.2d 126, 133–34 (Tex.Crim.App.1996); *Sandoval v. State,* 946 S.W.2d 472, 477 (Tex.App.—Corpus Christi 1997, no pet.). We consider all the evidence equally. *Id.*

Deputy Sheriff Robert Hearn testified he observed a welding truck traveling westbound on FM 521 weaving into the eastbound lane. Hearn stated he had to engage his overhead lights and his siren before the truck pulled over more than three quarters of a mile down the road. When the driver of the truck, whom Hearn identified as appellant, exited the truck, Hearn said he smelled alcohol and observed that appellant had to lean on the truck to steady himself. Also, appellant's speech was slurred and Hearn noticed a wet spot on the front of appellant's pants, indicating appellant had urinated on himself.

Suspecting appellant was intoxicated, Hearn summoned Highway Patrolman Rick DeLeon to administer field sobriety tests. DeLeon testified he has had advanced training in DWI detection, including training in the use of the intoxilyzer and the administration of field sobriety tests. After arriving at the scene, DeLeon asked appellant to perform various sobriety tasks, which appellant failed.[2] DeLeon arrested appellant for driving while intoxicated.

Appellant was taken to the Matagorda County Jail and videotaped. DeLeon attempted to administer an intoxilyzer test to determine appellant's blood alcohol level, but appellant was uncooperative, sticking his tongue into the mouthpiece to prevent the passage of his breath into the machine. However, even without a read-out from the

---

hurting him. Rather than do a heel-to-toe test, DeLeon had appellant perform a finger count.

intoxilyzer, DeLeon testified that, based on his training, experience and observations, he believed appellant was intoxicated.

Appellant, who is sixty-one years old, testified in his own defense. He denied he was intoxicated and stated he had had only three beers over a period of three hours. He told the jury the front end of his truck was "bad" from being pulled through mud, over stumps and through the woods. He claimed if he was weaving in traffic, it was because of the bad front end and not because he was intoxicated. Concerning his inability to perform the field sobriety tests and take the intoxilyzer test, appellant testified he had a bad knee from an old injury and that he suffers from diabetes, as well as a breathing difficulty. He did not introduce any medical evidence to substantiate these claims.

The jury, as trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim.App.1992). As such, the jury may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The jury heard the testimony of Hearn, DeLeon, and appellant, and viewed the video of appellant. By its verdict of guilty, the jury chose to believe Hearn and DeLeon and disbelieve appellant. We find no error in that decision.

Appellant's first point of error is overruled.

During the punishment phase of the trial, the State elicited testimony from appellant that he had been convicted of DWI in Wyoming. When appellant attempted to inform the jury of the difference between a DWI conviction in Wyoming versus a DWI conviction in the State of Texas, the trial court sustained the State's objection. In a bill of exception, the court allowed appellant to explain that in Wyoming, a person can be convicted of DWI even if he was not driving the motor vehicle. In his second point of

error, appellant contends it was error for the trial court to exclude this testimony.

The Texas Penal Code provides that, "A person commits an offense if the person is intoxicated *while operating a motor vehicle* in a public place." TEX. PENAL CODE ANN. § 49.04(a) (Vernon 1994) (emphasis added). Thus, under Texas law, a person cannot be convicted of DWI unless he is actually driving or operating the motor vehicle.

By contrast, Wyoming DWI law provides that, "No person shall drive *or have actual physical control* of any vehicle within this state if the person (i) has an alcohol concentration of ten one-hundredths of one percent (0.10%) or more; or (ii) to a degree which renders him incapable of safely driving." WYO. STAT. ANN. § 31–5–233(b) (Michie 1977) (emphasis added). In interpreting the phrase, "or have actual physical control," the Wyoming Supreme Court concluded the Wyoming Legislature "intended that the law should apply to persons having control of a vehicle while not actually driving it or having it in motion." *Adams v. State*, 697 P.2d 622, 625 (Wyo.1985). Under the law of the state of Wyoming, therefore, a person can be convicted of DWI even if he is not driving the vehicle in question.

We first decide whether it was error for the trial court to allow the State to question appellant concerning his Wyoming conviction.

The State did not attempt to use the Wyoming conviction to enhance the Class B misdemeanor charge to a Class A misdemeanor as permitted by TEX. PENAL CODE ANN. § 49.09(a), (c)(1)(F) (Vernon 1994).[3] We must presume, therefore, that the State's purpose in eliciting testimony regarding the Wyoming conviction was for purposes of impeachment. Rule 609 of the rules of criminal evidence pertaining to impeachment by evidence of conviction, provides that

[e]vidence of a conviction is not admissible if after timely written request by the

---

**3.** This section allows the State to enhance an offense with "an offense under the laws of another state that prohibit the operation of a motor vehicle while intoxicated." Indeed, the State could not have used the Wyoming conviction to enhance appellant's conviction because Wyoming allows for a DWI conviction on grounds other than "the *operation* of a motor vehicle ... "

adverse party specifying the witness or witnesses, the proponent fails to give to adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

TEX.R.CRIM. EVID. 609(f).

The record does not contain any document which indicates appellant requested notice of the State's intent to use appellant's prior conviction for impeachment. Thus, we cannot say the court erred in allowing the State to impeach appellant with this prior conviction.

Our inquiry does not end here, however. We must also determine whether appellant was denied the opportunity to rehabilitate his testimony concerning the conviction. The State argues that because appellant was able to tell the jury his prior DWI conviction in Wyoming did not involve his having driven a motor vehicle, the court did not err in failing to let him testify further regarding the conviction. We disagree.

When his counsel asked him, "Mr. Haskins were you driving the automobile in the State of Wyoming whenever that came about?" Haskins answered, "No, sir." The State immediately objected: "I'm going to object at this time, Your Honor. The facts and circumstances of the conviction [are] not admissible. The only thing the State as well as the defense is allowed to inquire in is that there was a previous conviction." The court sustained the State's objection. Therefore, while the jury may have been informed appellant was not driving, they were still left with the knowledge that appellant had a prior conviction for driving while intoxicated, an irreconcilable dichotomy under Texas law. We thus conclude the trial court erred in prohibiting appellant from informing the jury that Wyoming permits a conviction for DWI without the defendant actually being the driver of the motor vehicle.

■ In the past, we would perform a harmless error analysis to determine whether appellant's punishment should be reversed. However, the new Texas Rules of Appellate Procedure, effective September 1, 1997, have limited the kinds of cases subject to a harmless error analysis. Under the new rules, only constitutional errors are subject to a harmless error analysis. All other errors that do not affect substantial rights must be disregarded. TEX.R.APP. P. 44.2(a), (b). The complained of error does not implicate constitutional protections. We therefore determine whether appellant's substantial rights have been affected.

■ The court of criminal appeals has recently interpreted "substantial right" as follows: "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 270–71 (Tex.Crim.App.1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)).

Without being informed of the difference between the ability of the State to obtain a DWI conviction in Wyoming versus Texas, the jury was left with the incorrect impression appellant had a prior conviction for *driving* when he was *intoxicated* and it assessed punishment at ninety days confinement. The penal code provides that the minimum amount of confinement the jury could assess for appellant's conviction was 72 hours. TEX. PENAL CODE ANN. § 49.04(b) (Vernon 1994). Under the facts of this case, we cannot say the erroneous impression of a prior conviction for the *same* offense did not substantially influence the jury's verdict with respect to punishment.

Appellant's second point of error is sustained.

The judgment of the trial court with respect to appellant's conviction is AFFIRMED. The judgment is REVERSED and REMANDED for a new trial on punishment.