NUMBER 13-98-111-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


JULIO GENARO SERNA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 214th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez

Opinion by Justice Hinojosa



 A jury found appellant, Julio Genaro Serna, guilty of the offense of
burglary of a habitation. After he pleaded "true" to the enhancement
paragraphs in the indictment of two prior convictions for burglary of a
habitation, he was sentenced to life imprisonment as a habitual
offender. By two issues, appellant contends: (1) the trial court erred by
refusing to allow evidence favorable to him to be presented to the jury
and (2) the evidence is factually insufficient to support his conviction. 
We affirm.

A. Factual Sufficiency


 By his second issue, appellant contends the evidence is factually
insufficient to support his conviction.

 In assessing a factual insufficiency claim, we review the evidence
in support of and contrary to the trier of fact's findings to determine
whether the evidence is so weak that it renders the verdict clearly
wrong and manifestly unjust or the verdict is contrary to the evidence. 
Johnson v. State, No. 1915-98, 2000 Tex. Crim. App. LEXIS 12, at *21
(Tex. Crim. App. Feb. 9, 2000); see also Clewis v. State, 922 S.W.2d
126, 134 (Tex. Crim. App. 1996). We consider all of the evidence in the
record related to the appellant's sufficiency challenge, comparing the
weight of the evidence that tends to prove guilt with the evidence that
tends to disprove it. Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997). However, we are not free to reweigh the evidence
and set aside a jury verdict merely because we believe that a different
result is more reasonable. Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997); Clewis, 922 S.W.2d at 135. Only if the verdict is
against the great weight of the evidence presented at trial so as to be
clearly wrong and unjust, will we reverse the verdict and remand for a
new trial. Clewis, 922 S.W.2d at 133-34; Rosillo v. State, 953 S.W.2d
808, 813 (Tex. App.--Corpus Christi 1997, pet. ref'd).

 The State presented the following evidence against appellant. On
June 26, 1996, Opal Leftwich observed a stranger enter her sister's
mobile home in Corpus Christi while her sister and brother-in-law were
at work. Opal called her daughter, Cheryl, and granddaughter,
Kimberley, who lived in the same mobile home park. Cheryl used a key
to enter the mobile home through the back door, and she saw appellant
standing in the living room looking out the front window. Opal was
waiting near the front door with a brick in her hand. When appellant
came out the front door, she threw the brick at him, and she and Cheryl
began to chase him. Opal grabbed appellant's shirt, but he shook her
off and fled. Opal got up and continued the chase. Opal and Cheryl
both saw a white pick-up truck driven by a younger man approach
appellant and slow down. Appellant jumped over the tailgate into the
bed, and the truck sped away. 

 At this point Kimberley, who had put her infant son in his stroller,
arrived in the street. She and her baby were almost hit by the fleeing
truck. Carlos Enriquez, the victim's husband, drove up after being
alerted by Opal. He tried to cut off the pick-up, but it swerved around
him and continued. Enriquez followed the truck, but it eluded him. 
When the police arrived, Opal and Kimberley reported the license plate
number of the truck. All four witnesses gave a description of appellant
and the white truck. The victim's home had been ransacked, and she
determined that a diamond ring and costume jewelry were missing,
along with some change and cigarettes. The white truck was
registered to Jesusa Hinojosa, appellant's wife. Opal picked appellant's
picture out of a photo array as being a photograph of the man she saw
break into her sister's home.

 Appellant presented evidence of several different defensive
theories: (1) that he was physically incapable of running and jumping
into the bed of a large pick-up truck; (2) that he could not have
burglarized the victim's home because he was in Robstown with a
friend all that day; and (3) that another man had possession of the truck
during the time of the burglary. A physician testified that appellant had
problems with acute gout in his knee, a condition which could restrict
mobility at times. There was also some evidence that appellant had a
lower-back problem. Appellant's long-time friend Tomas Gonzalez
testified that appellant was with him at his home in Robstown from
approximately 9:00 a.m. until 4:00 p.m. on the day of the incident,
helping him with yardwork and a water pipe repair. Appellant's wife
testified that she dropped off appellant that morning in Robstown and
drove the truck to work. Later that day, appellant's cousin came by and
borrowed the truck, which he returned later in the day.

 After reviewing all of the evidence, we cannot say that the verdict
was against the great weight of the evidence presented at trial so as to
be clearly wrong and unjust. See Clewis, 922 S.W.2d at 133-34. On
the contrary, the record contains substantial evidence supporting the
verdict, and while there is some evidence tending to support appellant's
claim of innocence, under a factual sufficiency review, the fact finder is
recognized as the sole judge of the credibility of the witnesses and the
weight to be given their testimony. Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986), cert. denied, 488 U.S. 872 (1988). The jury
may resolve or reconcile conflicts in the testimony as it sees fit. Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Clewis, 922 S.W.2d at
133; Haskins v. State, 960 S.W.2d 207, 209 (Tex. App.--Corpus Christi
1997, no pet.). In our review, we must be careful not to intrude on the
jury's role. Santellan, 939 S.W.2d at 164. In assessing factual
sufficiency, we do not decide the existence or nonexistence of a vital
fact, decide the truth or falsity of proffered evidence, or judge the
credibility of witnesses; if reasonable minds could differ about the
conclusions to be drawn from the evidence, we may not reverse for
factual insufficiency. Scott v. State, 934 S.W.2d 396, 399 (Tex.
App.--Dallas 1996, no pet.). In other words, we do not sit as the
thirteenth juror. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim.
App. 1988).

 Using these standards, the jury was within its power to reject, in
whole or in part, the testimony tending to show appellant did not
commit the burglary and to believe the eyewitness accounts and other
evidence indicative of appellant's guilt. We hold the evidence is
factually sufficient to support the jury's verdict. Appellant's second
issue is overruled.

B. Exclusion of Evidence


 By his first issue, appellant contends the trial court erred by
refusing to allow Matt Garcia, the trial court bailiff, to present evidence
favorable to appellant to the jury.


 During a break in the trial, and outside the presence of the jury,
Garcia looked at the photo array from which Opal had picked out
appellant's photograph, turned his back to appellant, tried to pick him
out of the array, and failed. Garcia picked photograph number four, and
appellant's photograph was number six. Because identification was at
issue in the trial, appellant wanted Garcia to testify concerning his
inability to distinguish appellant in the array, and referenced article
36.24 of the code of criminal procedure which provides:

The sheriff of the county shall furnish the court with a bailiff
during the trial of any case to attend the wants of the jury
and to act under the direction of the court. If the person
furnished by the sheriff is to be called as a witness in the
case he may not serve as bailiff.


Tex. Code Crim. Proc. Ann. art. 36.24 (Vernon 1981).

 The prosecutor objected to having Garcia testify stating, "[T]hat's
in violation of the rule(1) . . . we've been talking about this case with
[Garcia]." After appellant made an offer of proof by eliciting testimony
from Garcia about the incident, the trial court sustained the State's
objection and excluded Garcia's testimony.

 It is well-settled that an appellate court will not disturb a trial
court's ruling concerning the admission or exclusion of evidence absent
an abuse of discretion. Erdman v. State, 861 S.W.2d 890, 893 (Tex.
Crim. App. 1993); Rivera v. State, 808 S.W.2d 80, 96 (Tex. Crim. App.
1991). The trial court abuses its discretion when its decision lies
outside the zone of reasonable disagreement. Erdman, 861 S.W.2d at
895; Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), cert.
denied 509 U.S. 926 (1993); Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990)(op. on reh'g.). Abuse of discretion occurs
only when the trial court "applies an erroneous legal standard or when
no reasonable view of the record could support its conclusion." DuBose
v. State, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1985).

 On appeal, appellant argues only that article 36.24 cannot prevent
a bailiff from testifying when the need for his testimony is not known
until after the trial begins. However, that is not the basis upon which
the trial court sustained the State's objection to the proffered testimony.
The State objected to Garcia's testimony on the basis that the Rule had
been invoked, and the trial court sustained this objection. Appellant has
failed to brief this issue. An issue is waived where it is not supported
by any argument. Tex. R. App. P. 38.1(h); Aldrich v. State, 928 S.W.2d
558, 559 n. 1 (Tex. Crim. App.1996). An issue is also waived by an
inadequate argument. Lewis v. State, 911 S.W.2d 1, 5 n. 8 (Tex. Crim.
App.1995). 

 Even if this issue had been properly preserved and briefed, it
would still fail. Disqualification of a defense witness for violation of the
Rule must be viewed in the light of the defendant's constitutional right
to call witnesses on his behalf. Davis v. State, 766 S.W.2d 236, 241
(Tex. Crim. App. 1989); Tell v. State, 908 S.W.2d 535, 541 (Tex.
App.--Fort Worth 1995, no pet.). Generally, a defense witness cannot
be excluded solely for violation of the Rule, although the right to exclude
under "particular circumstances" is within the sound discretion of the
trial court. Davis, 872 S.W.2d at 745; Webb v. State, 766 S.W.2d 236,
241 (Tex. Crim. App. 1989). In determining whether to disqualify a
witness under the Rule, the trial court must balance the interest of the
State and the accused, consider alternative sanctions, and consider the
benefit and detriment arising from a disqualification in light of the
nature and weight of the testimony to be offered: 

[w]here the "particular and extraordinary circumstances"
show neither the defendant nor his counsel have consented,
procured, connived or have knowledge of a witness or
potential witness who is in violation of the sequestration
rule, and the testimony of the witness is crucial to the
defense, it is an abuse of discretion exercised by the trial
court to disqualify the witness.


Webb, 766 S.W.2d at 244 (emphasis added); Tell, 908 S.W.2d at 543. 
Appellant has made no showing that the bailiff's testimony was crucial
to his defense and, indeed, it is questionable whether this testimony
was even relevant. Appellant's first issue is overruled.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 3rd day of August, 2000.

1. Tex. R. Crim. Evid. 613, which was in effect at the time of the trial, had been
invoked. Rule 613 provided, "At the request of a party the court shall order
witnesses excluded so that they cannot hear the testimony of other witnesses, and
it may make the order on its own motion."