COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-034-CR
 
 
BOBBY 
JO MITCHELL                                                             APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        Appellant 
Bobby Jo Mitchell appeals his conviction for misdemeanor driving while 
intoxicated (DWI).  After the jury found Mitchell guilty, the court fined 
him forty dollars and sentenced him to forty days’ confinement. In two points, 
Mitchell challenges the factual sufficiency of the evidence to prove that he was 
intoxicated and claims that the trial court erred by overruling his objection 
and motion for mistrial after the prosecutor commented during closing argument 
on his failure to testify.  We will affirm.
II. Factual 
Sufficiency Standard of Review
        The 
court of criminal appeals has recently restated and clarified the standard of 
review to be used by appellate courts in reviewing the factual sufficiency of 
the evidence to support a conviction.  In Zuniga v. State, the court 
held: 

There 
is only one question to be answered in a factual-sufficiency review: Considering 
all of the evidence in a neutral light, was a jury rationally justified in 
finding guilt beyond a reasonable doubt? However, there are two ways in which 
the evidence may be insufficient. First, when considered by itself, evidence 
supporting the verdict may be too weak to support the finding of guilt beyond a 
reasonable doubt. Second, there may be both evidence supporting the verdict and 
evidence contrary to the verdict. Weighing all the evidence under this balancing 
scale, the contrary evidence may be strong enough that the 
beyond-a-reasonable-doubt standard could not have been met, so the guilty 
verdict should not stand. This standard acknowledges that evidence of guilt can 
“preponderate” in favor of conviction but still be insufficient to prove the 
elements of the crime beyond a reasonable doubt. Stated another way, evidence 
supporting guilt can “outweigh” the contrary proof and still be factually 
insufficient under a beyond-a- reasonable-doubt standard.
 
No. 
539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004) (footnote 
omitted).
        To 
make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required. Johnson v. State, 
23 S.W.3d 1, 12 (Tex. Crim. App. 2000). A proper factual sufficiency review must 
include a discussion of the most important and relevant evidence that supports 
the appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003).
III. Factually 
Sufficient Evidence to Support DWI Conviction
        In 
his first point, Mitchell complains that the evidence is factually insufficient 
to prove that he was intoxicated by reason of the introduction of alcohol into 
his body. Mitchell contended at trial that his conduct was the result of his 
diabetes, not intoxication. Mitchell argues that the evidence of hypoglycemia 
greatly outweighs the evidence of intoxication, rendering the intoxication 
evidence factually insufficient.  The State responds that factually 
sufficient evidence supports Mitchell’s conviction.
        A 
concerned citizen called 911 to report a suspected drunk driver operating a 
silver SUV.  Grapevine Police Officer Mark Shimmick responded to the 911 
dispatch call and observed the suspect SUV stopped at a red light on a service 
road.  When the light turned green, the driver stopped the SUV in the 
middle of the roadway while attempting a left turn.  After the driver 
completed the left turn, he struggled to maintain his lane, his right tire 
struck the center lane divider, and his speed varied from thirty to fifty-five 
miles per hour in a forty-five mile-per-hour zone.  At that point, Officer 
Shimmick initiated a stop.
        Mitchell 
was behind the wheel of the SUV, and as Officer Shimmick spoke with Mitchell, he 
noticed that Mitchell’s eyes were bloodshot and watery and that Mitchell’s 
breath smelled of alcohol.  Mitchell admitted that he had “too much” to 
drink that evening.  Consequently, Officer Shimmick asked Mitchell to 
perform some field sobriety tests. Mitchell appeared unsteady when he exited the 
SUV.  Officer Shimmick allowed Mitchell to go back to his vehicle to get 
his jacket, and Mitchell again appeared unsteady.  Mitchell exhibited six 
out of six clues on the horizontal gaze nystagmus test, indicating impairment.[2]  During the walk and turn test, Mitchell lost his 
balance twice during the instruction stage; stopped while walking; stepped off 
the line and lost his balance during the test; and after he turned, he could not 
finish the test.  Officer Shimmick testified that Mitchell exhibited four 
of eight clues on the test and that only two are needed to indicate 
impairment.  Officer Shimmick placed Mitchell under arrest for DWI and 
inventoried the SUV. Officer Shimmick’s inventory of the SUV revealed two 
sixteen ounce beers in the SUV’s backseat; one full and one two-thirds full.
        At 
the jail, Mitchell refused to give a breath specimen and to perform the finger 
to nose test. Mitchell completed a medical form stating that he was diabetic and 
took insulin.  However, Officer Shimmick testified that Mitchell never told 
him during the initial contact or during the administration of the field 
sobriety tests that Mitchell was diabetic, was having problems with his blood 
sugar, or needed food. Officer Shimmick further testified that he had medical 
training to recognize the difference between intoxication and a diabetic 
attack.  He stated that there were different signs to look for and that he 
did not observe anything in Mitchell that is similar to other diabetics with 
whom Officer Shimmick has had experience.  Officer Shimmick said that 
diabetics are usually incoherent, wear a medical alert bracelet for diabetes, 
emit a sweet odor, usually tell the officer what is wrong, and usually state 
that they need a candy bar.  Here, Mitchell exhibited none of these 
characteristics, so Officer Shimmick concluded that Mitchell was intoxicated.
        The 
jury viewed a videotape showing Mitchell at the scene of the DWI stop and in the 
intoxilyzer room.  It shows Mitchell falling into the roadway and stumbling 
when asked to perform the field sobriety tests.  The video of Mitchell at 
the jail shows Mitchell refusing to take a breathalyzer test and responding with 
“What benefit is it to me to take another sobriety test?”
        Officer 
Savage also testified. He stated that he responded to Officer Shimmick’s 
request for back-up protection.  He arrived while Officer Shimmick was 
instructing Mitchell on the walk and turn test. Officer Savage testified that 
Mitchell failed that test.  Officer Savage described Mitchell’s poor 
performance on the one leg stand by stating that Mitchell basically lifted his 
foot off the ground and put it back down.  While Officer Savage transported 
Mitchell to the jail, Mitchell never indicated that he was sick or had a 
diabetic condition.  Officer Savage could not recall whether Mitchell asked 
for food or drink.
        Mindy 
Felmitt, Mitchell’s girlfriend, testified that Mitchell worked long hours and 
that he usually called her on his way home from his job in Plano.  She 
testified that Mitchell called her at approximately 10:30 p.m. on the night in 
question and that they talked during most of his drive home.  He mentioned 
to her that he had stopped to get something to drink because his blood sugar was 
low.  She knew that Mitchell had Type 1 diabetes and stated that if his 
blood sugar was low, he needed to eat something to raise it.  She testified 
that she was not with him that night but that he normally gets headaches or gets 
dizzy when he is having a problem with his diabetes.  When asked what was 
best for Mitchell to drink when he was having hypoglycemia, Felmitt testified 
that she did not know what beverage was best for Mitchell to drink because 
usually he eats something to combat his hypoglycemia.
        Dr. 
Karen Spetman testified for the defense.  She testified that four or five 
ounces of beer would raise a person’s blood sugar, but the blood sugar 
increase would take thirty to forty minutes and would not make the person 
recover completely.  She stated that choosing to drink beer to raise blood 
sugar is a poor decision, as alcohol is not recommended for diabetics, but that 
it is not against the law.  She stated that it is almost impossible to tell 
the difference between a person who is hypoglycemic versus a person who is 
intoxicated because both can cause a person to exhibit staggering, 
disorientation, dizziness, headaches, stumbling, inability to stand on one leg, 
and inability to touch one’s nose.  After watching the video of Mitchell 
performing the field sobriety tests, she could not state for certain whether 
Mitchell was intoxicated or was suffering from hypoglycemia, but she did state 
that he appeared oriented and fairly stable.
        Viewing 
the foregoing evidence in a neutral light, favoring neither party and giving due 
deference to the fact finder’s determinations, the jury was rationally 
justified in finding beyond a reasonable doubt that Mitchell was intoxicated by 
reason of the introduction of alcohol into his body on the night in 
question.  See Zuniga, 2004 WL 840786, at *7; Johnson, 23 
S.W.3d at 7; Clewis v. State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 
1996).  Weighing all of the evidence, the evidence that Mitchell was not 
intoxicated but instead was simply in a hypoglycemic state is not so strong that 
the jury could not conclude beyond a reasonable doubt that he was intoxicated by 
reason of the introduction of alcohol into his body.  See Zuniga, 
2004 WL 840786, at *7; see also Wappler v. State, 104 S.W.3d 661, 670 
(Tex. App.—Houston [1st Dist.] 2003, pet. granted) (op. on reh’g) 
(holding intoxication evidence factually sufficient despite doctor’s testimony 
that appellant’s ability to walk steadily was hindered by several health 
conditions, including diabetes); Watson v. State, Nos. 01-99-00364-CR 
& 01-99-00365-CR, 2000 WL 892865, at *2 (Tex. App.—Houston [1st 
Dist.] July 6, 2000, pet. ref’d) (not designated for publication) (holding 
intoxication evidence factually sufficient despite doctor’s testimony that 
there was no way to differentiate between intoxication and diabetes without 
drawing blood).
        We 
hold that the evidence is factually sufficient to support Mitchell’s 
conviction for operating a motor vehicle while intoxicated by “not having the 
normal use of his mental or physical faculties by reason of the introduction of 
alcohol . . . into [his] body.”  See Tex. Penal Code Ann. § 49.01(2)(A) 
(Vernon 2003); see also Fogle v. State, 988 S.W.2d 891, 894 (Tex. 
App.—Fort Worth 1999, pet. ref’d) (holding intoxication evidence factually 
sufficient); Haskins v. State, 960 S.W.2d 207, 209 (Tex. App.—Corpus 
Christi 1997, no pet.) (holding intoxication evidence factually sufficient 
despite appellant’s assertion he was diabetic).  We overrule Mitchell’s 
first point.
IV. No Comment 
on Failure to Testify
        In 
his second point, Mitchell argues that the trial court erred by overruling his 
objection that the following statement by the prosecutor during closing argument 
constituted a comment on Mitchell’s failure to testify: “He [Mitchell] was 
not suffering from hypoglycemia.  He was intoxicated that night. No one has 
testified as to his whereabouts that evening.  His girlfriend wasn’t with 
him --“  The State argues that the trial court properly overruled 
Mitchell’s objection because the prosecutor’s final argument simply 
summarized Mitchell’s girlfriend’s testimony, properly pointed out testimony 
that could have been proffered, and was not the type of comment jurors 
necessarily would have understood as commenting on Mitchell’s failure to 
testify.
        The 
purpose of closing argument is to facilitate the jury’s proper analysis of the 
evidence presented at trial in order to arrive at a just and reasonable 
conclusion based solely on the evidence.  Harris v. State, 122 
S.W.3d 871, 883 (Tex. App.—Fort Worth 2003, no pet.).  To be permissible, 
the State’s jury argument must fall within one of the following four general 
areas: (1) summation of the evidence; (2) reasonable deduction from the 
evidence; (3) answer to argument of opposing counsel; or (4) plea for law 
enforcement.  Felder v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 
1992), cert. denied, 510 U.S. 829 (1993); Harris, 122 S.W.3d at 
883.  Article 38.08 of the code of criminal procedure provides that if the 
accused invokes his right not to testify during his trial, it shall not be taken 
as a circumstance against him, nor shall the same be alluded to or commented on 
by the prosecuting attorney. Tex. Code Crim. Proc. Ann. art. 38.08 
(Vernon 1979).  For the argument or comment of the prosecuting attorney to 
offend article 38.08, the language must be viewed from the standpoint of the 
jury, and there must be a clear implication that the language used referred to 
the accused’s failure to testify.  See Dickinson v. State, 685 
S.W.2d 320, 323 (Tex. Crim. App. 1984).  We must determine whether the 
comment by the prosecutor was manifestly intended as a comment on the 
accused’s failure to testify or was of such character that the jury would 
naturally and necessarily interpret it as such.  See Bird v. State, 
527 S.W.2d 891, 894 (Tex. Crim. App. 1975); Hall v. State, 13 S.W.3d 115, 
118 (Tex. App.—Fort Worth 2000, pet. ref’d), State’s pet. dism’d as 
improvidently granted, 46 S.W.3d 264 (Tex. Crim. App. 2001).  The facts 
and circumstances of each case must be analyzed to determine whether the 
language was of such character.  See Hall, 13 S.W.3d at 118 (citing Dickinson, 
685 S.W.2d at 323).
        Language 
that can reasonably be construed to refer to a defendant’s failure to present 
evidence other than the defendant’s own testimony does not amount to comment 
on the failure to testify.  Swallow v. State, 829 S.W.2d 223, 225 
(Tex. Crim. App. 1992); see e.g., Hammond v. State, 799 S.W.2d 
741, 748 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259 
(1991).  Specifically, a prosecutor may comment on the defendant’s 
failure to produce witnesses and evidence so long as the remark does not fault 
the defendant for exercising his right not to testify.  Jackson v. State, 
17 S.W.3d 664, 674 (Tex. Crim. App. 2000).  If a jury argument exceeds the 
bounds of proper argument, the trial court’s erroneous overruling of a 
defendant’s objection cannot be reversible error unless, in light of the 
record as a whole, the argument had a substantial and injurious effect or 
influence on the jury’s verdict. Tex. R. App. P. 44.2(b); Martinez v. 
State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 
526 U.S. 1070 (1999).
        The 
argument that Mitchell complains about must be put in context in order to 
correctly analyze its propriety:  

Ask 
yourselves as reasonable people, when a police officer pulled [Mitchell] over, 
if he was really sick, would he have told them. I submit to you he would have 
told them if he was sick. Especially, if it could end up in a coma, like Dr. 
Spetman testified to. He was intoxicated that night.

. 
. . .

He 
never complained of his problem, never asked for food, never told Officer 
Shimmick at any time, during the whole time that you see him talking to him in 
the car, during the whole time he is performing the [field sobriety tests]. If 
he was off balance or he was having problems, and he knew it was caused by his 
hypoglycemia, he would have told him. I submit to you he would have told Officer 
Shimmick.

Two 
beers to cure your hypoglycemia? Come on. If he has suffered with this problem 
since juvenile status -- Type 1 diabetes is juvenile onset status -- he would 
have known better. He was not suffering from hypoglycemia. He was intoxicated 
that night. No one has testified as to his whereabouts that evening. His 
girlfriend wasn’t with him --

[objections 
omitted]

Mindy 
could not testify as to the Defendant’s whereabouts. She didn’t know where 
he was. She knew at some point during the day he called her from work. But when 
he called her from [his] cell phone, she couldn’t testify to where he was. He 
could have been doing anything. [Emphasis added.]  
 
        Here, 
the above argument by the State was not an improper comment because it did not 
require Mitchell to personally rebut the State’s argument.  See Harris, 
122 S.W.3d at 884.  The State’s argument, viewed in context, is more 
aptly viewed as a comment on Felmitt’s failure to testify as to Mitchell’s 
whereabouts, than as a comment on Mitchell’s failure to testify.  
However, Felmitt was not the only one who could testify as to Mitchell’s 
whereabouts on the evening in question.  Someone from Mitchell’s 
workplace could have testified concerning the time Mitchell left work, and the 
store clerk where Mitchell purchased the two beers could have testified when 
Mitchell purchased the beer.  Viewed in context, the State’s argument 
simply pointed out to the jury the lack of testimony from other witnesses 
concerning Mitchell’s defense that he went straight from work to home and 
purchased beer only to resolve his hypoglycemia.  See id. at 884-85 
(holding State’s comment as proper summation of evidence where it specifically 
pointed out lack of testimony from other witnesses concerning any motive for 
female witnesses to falsely accuse appellant of sexual assault).  
Therefore, the prosecutor’s statement was not a comment on Mitchell’s 
failure to testify, and the trial court did not err by overruling Mitchell’s 
objection.[3]  See Fogle, 988 S.W.2d at 
894 (holding prosecutor’s statement was not a comment on appellant’s failure 
to testify where it merely pointed out that there was lack of other extrinsic 
evidence establishing appellant’s disorder).  We overrule Mitchell’s 
second point.
V. Conclusion
        Having 
overruled both of Mitchell’s points, we affirm the trial court’s judgment.
   
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 10, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Officer Shimmick testified on cross examination that nystagmus can be seen in 
some people who are sober, but that does not explain Mitchell’s poor 
performance on the other field sobriety tests.
3.  
Mitchell also claims that the trial court erred by denying his motion for 
mistrial based on this comment, but because we have held that the State’s 
comment was not improper, we need not address this complaint. See Tex. R. App. P. 47.1 (providing that 
appellate court must address only issues necessary to disposition of appeal).