

## NUMBER 13-08-312-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

WAYNE ROWLAND,            **Appellant,**

**v.**

THE STATE OF TEXAS,            **Appellee.**

### On appeal from the 148th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Vela

A jury convicted appellant, Wayne Rowland, of felony driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (Vernon 2003 & Supp. 2009). The trial court assessed punishment at ten years' imprisonment. By one issue, appellant challenges the factual sufficiency of the evidence to support the conviction. We affirm.

# I. FACTUAL BACKGROUND

In the evening of July 30, 2007, Corpus Christi police officer Jason Rhodes was patrolling North Staples Street, when he stopped a Corvette convertible, which had expired temporary license plate tags. The vehicle, driven by appellant, took approximately an entire block to come to a stop. At trial, Officer Rhodes testified that this was an unusually long distance to stop, given the speed of the vehicle.

Approaching the vehicle, Officer Rhodes noted two occupants in the vehicle and smelled alcohol emanating from the car and from appellant. He spotted some open containers of alcohol in the vehicle. Officer Rhodes also noted appellant's generally disheveled clothing, and asked appellant to exit the vehicle so that he could better determine if he was intoxicated. Appellant had trouble standing and used the door of the vehicle to steady himself as he exited. Officer Rhodes placed appellant in the backseat of his police car and radioed for backup. Shortly thereafter, additional officers arrived on the scene to ensure that "nothing happened with the other occupant of the vehicle."

While appellant was talking in the back of the police car, Officer Rhodes noticed a strong odor of alcohol on appellant's breath, that his eyes were bloodshot and glassy, and that his speech was slurred. Appellant provided Officer Rhodes with some basic contact information and stated that he had not been drinking. Officer Rhodes testified that at that point, he believed appellant was intoxicated. Officer Rhodes placed appellant in handcuffs and took him to the city detention center to administer the standardized field sobriety test in a controlled environment.

At the detention center, appellant refused the field sobriety test, as well as the breath test, despite being warned that a failure to comply with the test could result in a suspension of his driver's license. Officer Rhodes further testified that refusing the tests

2

makes it no less likely that the test subject is intoxicated. After leaving appellant at the detention center, Officer Rhodes conducted no further investigation of the case.

On cross-examination, Officer Rhodes was questioned about leg and back injuries that appellant may have had, but was unable to answer the question.[1] He testified that the fact that appellant struggled to get out of the Corvette convertible may have been because the car is particularly low to the ground and many people would require support when exiting. He also stated that driving a convertible could have an effect on the appearance of the driver's eyes. However, during re-direct examination, Officer Rhodes testified that he was not aware of appellant's alleged injuries. It was his opinion that appellant had lost

---

[1]At the guilt-innocence phase of the trial the following dialogue, and absence of the report pertaining to these questions, prevented Officer Rhodes from answering the question pertaining to appellant's alleged injuries:

| Defense Counsel: | … And you also asked him if he had any physical defects, and he told you, yes, a leg and back injury? |
| --- | --- |
| Trial Judge: | Do you have a copy of the report? Would you like to look at your report to refresh your recollection, Officer? |
| Officer Rhodes: | Yes, ma'am, I would. |
| Defense Counsel: | I may not have that one. |
| Trial Judge: | Mr. Feil, do you? |
| Prosecutor: | No, Your Honor. |
| Defense Counsel: | I don't have that part of it, Your Honor. |
| Trial Judge: | Okay. |
| Defense Counsel: | But in general, Officer, do you remember him answering your correctly? |
| Officer Rhodes: | I remember going through some questions because I marked it in my report that he did answer some of my questions. |

Later, on re-direct examination, the issue of appellant's alleged injuries was revisited:

| Prosecutor: | And does the Defendant [appellant] in your knowledge have any leg injury? |
| --- | --- |
| Officer Rhodes: | Not—not any that I'm aware of. I had only met Mr. Rowland one other time prior to this night. |

3

the normal use of his mental and physical faculties while operating a motor vehicle in a public place.

## II. Discussion

By a single issue, appellant challenges the factual sufficiency of the evidence to support his conviction. Specifically, he contends the evidence is insufficient to prove he was intoxicated at the time of the stop.

### A. Standard of Review

In conducting a factual sufficiency review, only a single question must be answered: "Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Grotti v. State,* 273 S.W.3d 273, 283 (Tex. Crim. App. 2008). There are two different ways that evidence can be found factually insufficient: (1) if the evidence supporting the conviction is too weak to support the fact finder's verdict, or (2) after considering conflicting evidence, the jury's verdict is "against the great weight and preponderance of the evidence." *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009) (quoting *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006)). Also, the court of appeals must defer to the findings of the jury. *Id*. The court of criminal appeals has established three "'basic ground rules' implementing this standard." *Id*. First, the appellate court must consider all of the evidence in a neutral light, as opposed to in a light most favorable to the verdict. *Id*. Next, the appellate court, "may only find the evidence factually insufficient when necessary to 'prevent manifest injustice.'" *Id*. (quoting *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)). Finally, the appellate court must explain why the evidence is either too weak to support the verdict, or why the conflicting evidence greatly weighs against the verdict. *Id*. While a jury verdict is afforded less deference in a factual sufficiency review, an appellate court may not, "override the

4

verdict simply because it disagrees with it." *Id*. Likewise, an appellate court may not find the evidence factually insufficient because there are multiple reasonable explanations or theories of causation. *Steadman v. State*, 280 S.W.3d 242, 247 (Tex. Crim. App. 2009).

Our review of a factual sufficiency challenge should be examined under the principles of review for a hypothetically correct jury charge. *Grotti*, 273 S.W.3d at 281. "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

## B. Applicable Law

A person commits an offense if he or she operates a motor vehicle in a public place while intoxicated. *Hartman v. State*, 198 S.W.3d 829, 834 (Tex. App.–Corpus Christi 2006, pet. dism'd); *see* TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003 & Supp. 2009). "Intoxicated" is defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol ...." *Id*. § 49.01(2)(A) (Vernon 2003 & Supp. 2009). If the State can prove that a defendant has two previous DWI convictions, the DWI offense becomes a felony of the third degree. *Id*. § 49.09(b)(2) (Vernon 2003 & Supp. 2009).

## C. Analysis

The State presented evidence showing that appellant had two prior DWI convictions and that he was driving a motor vehicle on a public road. Appellant contends that the State presented insufficient evidence on the intoxication element of DWI by only calling one officer to testify when other officers were present at the scene of the traffic stop. This Court has stated that an officer's testimony that a person is intoxicated provides sufficient

5

evidence to establish the element of intoxication. *Hartman*, 198 S.W.3d at 835; *see also*, *Ortiz v. State*, No. 13-00-00311-CR, 2001 WL 892824, at *1 (Tex. App.–Corpus Christi July 5, 2001, pet. dism'd) (mem. op., not designated for publication); *Kuemmel v. State*, No. 13-99-00445-CR, 2000 WL 34411068, at *1 (Tex. App.–Corpus Christi June 1, 2000, no pet.) (mem. op., not designated for publication). Additionally, testimony from the other officers present at the scene is not necessary because "uncorroborated testimony of an arresting officer is sufficient to prove the element of intoxication." *Little v. State*, 853 S.W.2d 179, 183 (Tex. App.–Corpus Christi 1993 no writ) (citing *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979)). Thus, Officer Rhodes's testimony alone is sufficient evidence for the State to satisfy its burden of proof.

Appellant did not testify in his own defense, therefore Officer Rhodes's testimony was the primary source of evidence at trial. When appellant refused the field sobriety tests, Officer Rhodes's conclusion that appellant was intoxicated was based on other indicia, namely that: (1) appellant took an unnecessarily long distance to stop his vehicle; (2) an odor of alcohol emanated from appellant's vehicle and person; (3) open containers of alcohol were present in appellant's vehicle; (4) appellant's eyes were glassy and bloodshot; (5) appellant used the car door for support when exiting the vehicle; (6) appellant's speech was slurred; (7) appellant's clothing was disheveled; and (8) appellant had no apparent leg or back injuries. Officer Rhodes's testimony, which is arguably contrary, revealed that: (1) appellant appeared coherent and was able to respond when questioned by him; (2) driving with a convertible top down could have affected the appearance of an occupant's eyes; and (3) exiting a vehicle so low to the ground could require the support of leaning on the door.

6

This case is similar to *Haskins v.* State, 960 S.W.2d 207, 209 (Tex. App.–Corpus Christi 1997, no pet.). There, the conviction was affirmed despite the fact that Haskins, the defendant, did not complete a breathalyzer test. The jury's determination in that case was made on a police officer's testimony of other indicia of intoxication, such as the smell of alcohol, slurred speech, and using the vehicle for support. *Id.* at 208. Here, appellant's alleged leg and back injuries were not substantiated with any testimony, and like in *Haskins*, no medical evidence of these injuries was provided. *See Id.* at 209.

We find that the contrary evidence does not greatly outweigh the proof of appellant's intoxication. *See Laster* 275 S.W.3d at 518. Though appellant based his challenge on the credibility of the witness's testimony, the jury is the exclusive judge of the facts, the credibility of a witness, and the weight to give the witness's testimony. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008) (stating that "almost complete deference" must be given to a jury decision when that decision is based upon an evaluation of credibility). As stated previously, we will not overturn a jury's determination in the absence of a "manifest injustice." *Laster*, 275 S.W.3d at 518.

Viewing all the evidence in a neutral light, we find that the evidence supporting conviction is not too weak to support the jury's finding of guilt beyond a reasonable doubt, nor is the verdict against the great weight and preponderance of the evidence. *See Watson*, 204 S.W.3d at 417. Therefore, we hold that the evidence is factually sufficient to support the jury's determination that appellant was intoxicated at the time of the stop and to support the verdict. Appellant's sole issue is overruled.

### III. Conclusion

We affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the 29th
day of June, 2010.