NUMBER 13-08-312-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


WAYNE ROWLAND, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 148th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Benavides, and Vela


Memorandum Opinion by Justice Vela



 A jury convicted appellant, Wayne Rowland, of felony driving while intoxicated
(DWI). See Tex. Penal Code Ann. §§ 49.04, 49.09(b)(2) (Vernon 2003 & Supp. 2009). 
The trial court assessed punishment at ten years' imprisonment. By one issue, appellant
challenges the factual sufficiency of the evidence to support the conviction. We affirm.

 I. Factual Background

In the evening of July 30, 2007, Corpus Christi police officer Jason Rhodes was
patrolling North Staples Street, when he stopped a Corvette convertible, which had expired
temporary license plate tags. The vehicle, driven by appellant, took approximately an
entire block to come to a stop. At trial, Officer Rhodes testified that this was an unusually
long distance to stop, given the speed of the vehicle.

Approaching the vehicle, Officer Rhodes noted two occupants in the vehicle and
smelled alcohol emanating from the car and from appellant. He spotted some open
containers of alcohol in the vehicle. Officer Rhodes also noted appellant's generally
disheveled clothing, and asked appellant to exit the vehicle so that he could better
determine if he was intoxicated. Appellant had trouble standing and used the door of the
vehicle to steady himself as he exited. Officer Rhodes placed appellant in the backseat
of his police car and radioed for backup. Shortly thereafter, additional officers arrived on
the scene to ensure that "nothing happened with the other occupant of the vehicle."

While appellant was talking in the back of the police car, Officer Rhodes noticed a
strong odor of alcohol on appellant's breath, that his eyes were bloodshot and glassy, and
that his speech was slurred. Appellant provided Officer Rhodes with some basic contact
information and stated that he had not been drinking. Officer Rhodes testified that at that
point, he believed appellant was intoxicated. Officer Rhodes placed appellant in handcuffs
and took him to the city detention center to administer the standardized field sobriety test
in a controlled environment.

At the detention center, appellant refused the field sobriety test, as well as the
breath test, despite being warned that a failure to comply with the test could result in a
suspension of his driver's license. Officer Rhodes further testified that refusing the tests
makes it no less likely that the test subject is intoxicated. After leaving appellant at the
detention center, Officer Rhodes conducted no further investigation of the case.

On cross-examination, Officer Rhodes was questioned about leg and back injuries
that appellant may have had, but was unable to answer the question. (1)
 He testified that the
fact that appellant struggled to get out of the Corvette convertible may have been because 
the car is particularly low to the ground and many people would require support when
exiting. He also stated that driving a convertible could have an effect on the appearance
of the driver's eyes. However, during re-direct examination, Officer Rhodes testified that
he was not aware of appellant's alleged injuries. It was his opinion that appellant had lost
the normal use of his mental and physical faculties while operating a motor vehicle in a
public place.

 II. Discussion

By a single issue, appellant challenges the factual sufficiency of the evidence to
support his conviction. Specifically, he contends the evidence is insufficient to prove he
was intoxicated at the time of the stop.

A. Standard of Review

In conducting a factual sufficiency review, only a single question must be answered:
"Considering all of the evidence in a neutral light, was a jury rationally justified in finding
guilt beyond a reasonable doubt?" Grotti v. State, 273 S.W.3d 273, 283 (Tex. Crim. App.
2008). There are two different ways that evidence can be found factually insufficient: (1)
if the evidence supporting the conviction is too weak to support the fact finder's verdict, or
(2) after considering conflicting evidence, the jury's verdict is "against the great weight and
preponderance of the evidence." Laster v. State, 275 S.W.3d 512, 518 (Tex. Crim. App.
2009) (quoting Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006)). Also,
the court of appeals must defer to the findings of the jury. Id. The court of criminal
appeals has established three "'basic ground rules' implementing this standard." Id. First,
the appellate court must consider all of the evidence in a neutral light, as opposed to in a
light most favorable to the verdict. Id. Next, the appellate court, "may only find the
evidence factually insufficient when necessary to 'prevent manifest injustice.'" Id. (quoting
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)). Finally, the appellate court
must explain why the evidence is either too weak to support the verdict, or why the
conflicting evidence greatly weighs against the verdict. Id. While a jury verdict is afforded
less deference in a factual sufficiency review, an appellate court may not, "override the
verdict simply because it disagrees with it." Id. Likewise, an appellate court may not find
the evidence factually insufficient because there are multiple reasonable explanations or
theories of causation. Steadman v. State, 280 S.W.3d 242, 247 (Tex. Crim. App. 2009).

Our review of a factual sufficiency challenge should be examined under the
principles of review for a hypothetically correct jury charge. Grotti, 273 S.W.3d at 281. 
"Such a charge [is] one that accurately sets out the law, is authorized by the indictment,
does not unnecessarily increase the State's burden of proof or unnecessarily restrict the
State's theories of liability, and adequately describes the particular offense for which the
defendant was tried." Villarreal v. State, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009)
(quoting Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

B. Applicable Law

A person commits an offense if he or she operates a motor vehicle in a public place
while intoxicated. Hartman v. State, 198 S.W.3d 829, 834 (Tex. App.-Corpus Christi 2006,
pet. dism'd); see Tex. Penal Code Ann. § 49.04(a) (Vernon 2003 & Supp. 2009). 
"Intoxicated" is defined as "not having the normal use of mental or physical faculties by
reason of the introduction of alcohol ...." Id. § 49.01(2)(A) (Vernon 2003 & Supp. 2009). 
If the State can prove that a defendant has two previous DWI convictions, the DWI offense
becomes a felony of the third degree. Id. § 49.09(b)(2) (Vernon 2003 & Supp. 2009).

C. Analysis

The State presented evidence showing that appellant had two prior DWI convictions
and that he was driving a motor vehicle on a public road. Appellant contends that the State
presented insufficient evidence on the intoxication element of DWI by only calling one
officer to testify when other officers were present at the scene of the traffic stop. This
Court has stated that an officer's testimony that a person is intoxicated provides sufficient
evidence to establish the element of intoxication. Hartman, 198 S.W.3d at 835; see also,
Ortiz v. State, No. 13-00-00311-CR, 2001 WL 892824, at *1 (Tex. App.-Corpus Christi July
5, 2001, pet. dism'd) (mem. op., not designated for publication); Kuemmel v. State, No. 13-99-00445-CR, 2000 WL 34411068, at *1 (Tex. App.-Corpus Christi June 1, 2000, no pet.)
(mem. op., not designated for publication). Additionally, testimony from the other officers
present at the scene is not necessary because "uncorroborated testimony of an arresting
officer is sufficient to prove the element of intoxication." Little v. State, 853 S.W.2d 179,
183 (Tex. App.-Corpus Christi 1993 no writ) (citing Annis v. State, 578 S.W.2d 406, 407
(Tex. Crim. App. 1979)). Thus, Officer Rhodes's testimony alone is sufficient evidence for
the State to satisfy its burden of proof.

Appellant did not testify in his own defense, therefore Officer Rhodes's testimony
was the primary source of evidence at trial. When appellant refused the field sobriety
tests, Officer Rhodes's conclusion that appellant was intoxicated was based on other
indicia, namely that: (1) appellant took an unnecessarily long distance to stop his vehicle;
(2) an odor of alcohol emanated from appellant's vehicle and person; (3) open containers
of alcohol were present in appellant's vehicle; (4) appellant's eyes were glassy and
bloodshot; (5) appellant used the car door for support when exiting the vehicle; (6)
appellant's speech was slurred; (7) appellant's clothing was disheveled; and (8) appellant
had no apparent leg or back injuries. Officer Rhodes's testimony, which is arguably
contrary, revealed that: (1) appellant appeared coherent and was able to respond when
questioned by him; (2) driving with a convertible top down could have affected the
appearance of an occupant's eyes; and (3) exiting a vehicle so low to the ground could
require the support of leaning on the door.


This case is similar to Haskins v. State, 960 S.W.2d 207, 209 (Tex. App.-Corpus
Christi 1997, no pet.). There, the conviction was affirmed despite the fact that Haskins, the
defendant, did not complete a breathalyzer test. The jury's determination in that case was
made on a police officer's testimony of other indicia of intoxication, such as the smell of
alcohol, slurred speech, and using the vehicle for support. Id. at 208. Here, appellant's
alleged leg and back injuries were not substantiated with any testimony, and like in
Haskins, no medical evidence of these injuries was provided. See Id. at 209.

We find that the contrary evidence does not greatly outweigh the proof of appellant's
intoxication. See Laster 275 S.W.3d at 518. Though appellant based his challenge on the
credibility of the witness's testimony, the jury is the exclusive judge of the facts, the
credibility of a witness, and the weight to give the witness's testimony. See Lancon v.
State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008) (stating that "almost complete
deference" must be given to a jury decision when that decision is based upon an evaluation
of credibility). As stated previously, we will not overturn a jury's determination in the
absence of a "manifest injustice." Laster, 275 S.W.3d at 518.

Viewing all the evidence in a neutral light, we find that the evidence supporting
conviction is not too weak to support the jury's finding of guilt beyond a reasonable doubt,
nor is the verdict against the great weight and preponderance of the evidence. See
Watson, 204 S.W.3d at 417. Therefore, we hold that the evidence is factually sufficient
to support the jury's determination that appellant was intoxicated at the time of the stop and
to support the verdict. Appellant's sole issue is overruled.





III. Conclusion

 We affirm the trial court's judgment. 

 

 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 29th

day of June, 2010.

 
1. At the guilt-innocence phase of the trial the following dialogue, and absence of the report pertaining
to these questions, prevented Officer Rhodes from answering the question pertaining to appellant's alleged
injuries:
 

 Defense Counsel:  And you also asked him if he had any physical defects, and he told you, 
 yes, a leg and back injury?


 Trial Judge: Do you have a copy of the report? Would you like to look at your report to 
 refresh your recollection, Officer?

Officer Rhodes: Yes, ma'am, I would.

 
Defense Counsel: I may not have that one.
 
Trial Judge: Mr. Feil, do you?

 
Prosecutor: No, Your Honor.

 
Defense Counsel: I don't have that part of it, Your Honor.

Trial Judge: Okay.

Defense Counsel: But in general, Officer, do you remember him answering your correctly?

 

 Officer Rhodes: I remember going through some questions because I marked it in my report
that he did answer some of my questions.

 
Later, on re-direct examination, the issue of appellant's alleged injuries was revisited:

 
Prosecutor: And does the Defendant [appellant] in your knowledge have any leg injury?


 Officer Rhodes: Not--not any that I'm aware of. I had only met Mr. Rowland one other time
prior to this night.