

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00114-CR

_____

GEORGE WAYNE SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd District Court
Henderson County, Texas
Trial Court No. C-19,057

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

# OPINION

George Wayne Smith was charged in Henderson County[1] with felony driving while intoxicated (DWI), with two jurisdictional enhancement convictions alleged.[2] Enhancement offense number one, an Oklahoma offense, is the focus of all three of Smith's points of error on appeal. Smith challenges the admissibility of the evidence of the Oklahoma offense, the usefulness of the Oklahoma offense to act as an enhancement in this case, and the sufficiency of the evidence to show Smith was the one convicted of the Oklahoma offense. We affirm the judgment of the trial court—because (1) the evidence of the Oklahoma conviction was properly admitted, (2) the Oklahoma conviction was a proper enhancement offense here, and (3) sufficient evidence shows Smith was the defendant in the Oklahoma conviction.

*(1)     The Evidence of the Oklahoma Conviction Was Properly Admitted*

The first jurisdictional enhancement paragraph in the indictment against Smith alleged that, "on the 18th day of November, 1991, in cause CF-91-5689 in the 7th Judicial District of

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]On August 26, 2011, at about 12:20 a.m., Log Cabin Police Department Officer Jonathon Hutchison saw a motorcycle attempt to turn onto Farm-to-Market 3054. During the turn, the motorcycle left the road and entered the ditch before returning to the roadway, where it swerved erratically. Hutchison turned on his overhead lights in an attempt to stop the motorcycle. After a short distance, with no compliance from the driver of the motorcycle, Hutchison turned on his emergency siren two or three times in a further attempt to get the driver's attention. After about one-half mile, the motorcycle stopped.

Approaching the driver, Smith, Hutchison smelled a strong odor of alcohol on Smith's breath and noticed that he had slurred speech. Due to these factors and Smith's erratic driving, Hutchison administered field-sobriety tests, which Smith failed. Hutchison determined that Smith had committed the offense of DWI. After Smith was arrested, his blood test showed that he had a blood-alcohol concentration of 0.17, well in excess of the legal limit of 0.08.

The indictment alleged two jurisdictional enhancements, making the charged offense a third degree felony. Smith was found guilty and assessed a ninety-nine year sentence.

2

Oklahoma County, Oklahoma, [Smith] was convicted of an offense relating to the operating of a motor vehicle while intoxicated . . . ." In support of this allegation, the State offered, and the trial court admitted over Smith's objections, a partially redacted Oklahoma pen packet. Smith contends that the trial court erred in admitting the pen packet, essentially because of errors in the custodian's certification detailing the contents of the pen packet.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard, and we will not disturb the trial court's ruling if it is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 379–80, 391 (Tex. Crim. App. 1990) (op. on reh'g.); *Clay v. State*, 390 S.W.3d 1, 13 (Tex. App.—Texarkana 2012, no pet.).

A pen packet is admissible if it complies with either Rule 901 of the Texas Rules of Evidence or, for self-authenticating documents, Rule 902. *Reed v. State*, 811 S.W.2d 582, 586 (Tex. Crim. App. 1991). Under Rule 901, a document is authenticated for purposes of admissibility if there is sufficient evidence "to support a finding that the matter in question is what the proponent claims." TEX. R. EVID. 901(a). In other words, "the requirement of authentication is satisfied by extrinsic evidence that the matter in question is what its proponent claims." *Reed*, 811 S.W.2d at 587. Under Rule 902(4), a document is self-authenticating if accompanied by a certificate from the custodian or manager of the public records who certifies them as a true and correct copy of the original. TEX. R. EVID. 902(4).

Here, the certification states that the pen packet contains copies of a fingerprint card, photograph, and "commitment documents." The packet included a judgment and sentence on a plea of guilty that included Smith's full name, date of birth, and social security number. The pen

3

packet, however, did not contain a photograph. In addition, the fingerprint card related to a different prior offense than the one alleged in the indictment, though the card does contain Smith's full name, his date of birth, and most of his social security number. Smith argues that the pen packet was improperly certified because of the missing photograph and his fingerprint card from a different offense.

The pen packet was accompanied by the appropriate certificate from the manager of records and, therefore, satisfied the Texas Rules of Evidence for authentication and certification. Smith does not dispute that the documents in the pen packet were true and correct copies of the documents the certificate represents them to be. Therefore, the trial court was within its discretion to admit the pen packet into evidence. We overrule this point of error.

*(2)*      *The Oklahoma Conviction Was a Proper Enhancement Offense Here*

Smith also contends the State has failed to prove the Oklahoma offense of driving under the influence (DUI) was properly related to the current charge, because the Oklahoma statute allows for a DUI conviction if Smith had merely been "in actual physical control of a vehicle and was not driving or operating it." Though couched in terms of evidentiary sufficiency, Smith essentially argues that the Oklahoma DUI statute is not substantially similar to the Texas DWI statute.

In Texas, a person commits DWI if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012). Unless statutorily enhanced, DWI is a class B misdemeanor. TEX. PENAL CODE ANN. § 49.04(b) (West Supp. 2013). As relevant here, DWI is enhanced to a third degree felony if a person has

4

previously been convicted two times of any other offense "relating to the operating of a motor vehicle while intoxicated." TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2012); *see also Ex parte Roemer*, 215 S.W.3d 887, 889 (Tex. Crim. App. 2007). An "offense relating to the operating of a motor vehicle while intoxicated" includes "an offense under the laws of another state that prohibit the operation of a motor vehicle while intoxicated." TEX. PENAL CODE ANN. § 49.09(c)(1)(F) (West Supp. 2012).

We first consider whether a person could be convicted of a DUI offense in Oklahoma for conduct that would not involve "operating" a motor vehicle under Texas law.

The Oklahoma DUI statute, provides, in relevant part:

A. It is unlawful and punishable as provided in this section for any person to drive, operate, or be in actual physical control of a motor vehicle within this state, whether upon public roads, highways, streets, turnpikes, other public places or upon any private road, street, alley or lane which provides access to one or more single or multi-family dwellings, who:

1. Has a blood or breath alcohol concentration, as defined in Section 756 of this title, of eight-hundredths (0.08) or more at the time of a test of such person's blood or breath administered within two (2) hours after the arrest of such person;

2. Is under the influence of alcohol;

3. Is under the influence of any intoxicating substance other than alcohol which may render such person incapable of safely driving or operating a motor vehicle; or

4. Is under the combined influence of alcohol and any other intoxicating substance which may render such person incapable of safely driving or operating a motor vehicle.

OKLA. STAT. tit. 47, § 11-902 (2012).

5

Under Oklahoma law, the phrase "actual physical control" applies the DUI statute to people who have control over a vehicle, but who may not have the vehicle started or in motion. *See Wofford v. State*, 739 P.2d 543 (Okla. 1987) (DUI conviction upheld though defendant slept in nonmoving car); *Kyle v. State*, 722 P.2d 1218, 1219 (Okla. 1986) (conviction upheld because defendant exited driver's side of vehicle); *Hughes v. State*, 535 P.2d 1023, 1024 (Okla. Crim. App. 1975) (person had actual physical control of vehicle when he "placed himself behind the wheel and could have at any time started the automobile and driven away").

The Texas Penal Code does not define "operating" for the purposes of the DWI statute. *Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995). However, the Texas Court of Criminal Appeals has concluded a person operates a vehicle when the totality of the circumstances demonstrates "that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Id.* at 390; *see also Barton v. State*, 882 S.W.2d 456, 459 (Tex. App.—Dallas 1994, no pet.); *Dornbusch v. State*, 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008, no pet.). Under this standard, "operating" a motor vehicle is interpreted very broadly. *Dornbusch*, 262 S.W.3d at 436; *Strong v. State*, 87 S.W.3d 206, 215 (Tex. App.—Dallas 2002, pet. ref'd). "[W]hile driving does involve operation, operation does not necessarily involve driving." *Denton*, 911 S.W.2d at 389. "Because 'operating a motor vehicle' is defined so broadly, any action that is more than mere preparation toward operating the vehicle would necessarily be an 'action to affect the functioning of [a] vehicle in a manner that would enable the vehicle's use.'" *Strong*, 87 S.W.3d at 216 (quoting *Barton*, 882 S.W.2d at

6

459); *see also Dornbusch*, 262 S.W.3d at 436. The action need not be successful in causing the vehicle to function for the person to be operating it. *Strong*, 87 S.W.3d at 215.[3]

Though the term "operating" is not defined by the Texas Penal Code, Section 642.001(2) of the Texas Transportation Code defines the "operator" of a vehicle as "the person who is in actual physical control of a motor vehicle." Texas courts have upheld DWI convictions in cases where a person is not actually driving or moving the vehicle. *See, e.g.*, *Denton*, 911 S.W.2d at 388 (defendant unable to accelerate because vehicle required time to "warm up"); *Dornbusch*, 262 S.W.3d 432 (defendant asleep in driver's seat of idling vehicle parked in parking lot); *see also Hearne v. State*, 80 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (defendant asleep behind wheel of idling vehicle in "park" in roadway); *Barton*, 882 S.W.2d at 458 (same, but vehicle in "neutral").

The caselaw is clear that operating a vehicle does not necessarily involve driving or moving. *See Denton*, 911 S.W.2d at 389. One can be operating a car without actually causing the vehicle to function. *Strong*, 87 S.W.3d at 215. Therefore, we find that the Oklahoma DUI statute is substantially similar to the Texas DWI statute. We overrule this point of error.

*(3)* *Sufficient Evidence Shows Smith Was the Defendant in the Oklahoma Conviction*

Smith also contends that the evidence supporting the prior conviction in Oklahoma is legally insufficient because of the lack of proof of his identity. In evaluating legal sufficiency,

---

[3]Smith relies primarily on *Haskins v. State*, 960 S.W.2d 207, 209 n.3 (Tex. App.—Corpus Christi 1997, no pet.), and argues that "the Court in *Haskins* noted that under Wyoming law a person could be convicted of a DWI even if he is not driving the vehicle in question. The Court noted that a conviction under such law is not admissible to enhance a DWI in Texas. The Wyoming law [in *Haskins*] and Oklahoma law are nearly identical." In *Haskins*, however, the State did not attempt to use the defendant's prior conviction in Wyoming to enhance the DWI charge in Texas, and the appellate court's statement that the Wyoming statute could not be used for enhancement purposes is dicta. *See Haskins*, 960 S.W.2d at 209 & n. 3.

we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The *Flowers* court noted that Texas law does not require "that the fact of a prior conviction be proven in a specific manner," and "any type of evidence, documentary or testimonial, may suffice." *Id*. In its decision, the Texas Court of Criminal Appeals likened the process of proving up a prior conviction to evidentiary pieces to a jigsaw puzzle and left the ultimate decision of whether these "pieces fit together sufficiently to complete the puzzle" with the trier of fact under the totality of the evidence. *Id*. at 923; *see Gentile v. State*, 848 S.W.2d 359, 360 (Tex. App.—Austin 1993, no writ) (certified copy of driving record, standing alone, is insufficient); *but see Flowers*, 220 S.W.3d at 923–24 (driving record plus matching computer printout from county clerk's office that set out prior DWI conviction was legally sufficient).

Here, the State offered several puzzle pieces to prove the prior Oklahoma conviction. The court admitted a pen packet containing a certified copy of the "judgment and sentence on plea of guilty" in Oklahoma cause number CF-91-5689 and a fingerprint card. The fingerprint card included in the packet was not from the alleged Oklahoma conviction. The judgment shows "George Wayne Smith" was convicted of one count of "driving under the influence AFC of driving under the influence," lists Smith's date of birth as "11-19-65," and lists his social security number as "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." Investigator Monte Mansfield, a fingerprint expert, took Smith's fingerprints the day before his testimony. Mansfield testified that, while taking the prints, Smith told him that his date of birth was "11-19-65." During the arrest and booking process, Smith told Officer Hutchison that his full name was George Wayne Smith, that his date of birth was "11/19 of 1965," and that his social security number was "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."

In this case, the individual's name and the date of birth Smith gave Mansfield matches that of the man convicted in the Oklahoma judgment, and the social security number Smith gave Hutchison also matches but for the last digit. While it is conceivable that there are two men named George Wayne Smith with the same date of birth and having a social security number that matches but for the last number, such an instance is very unlikely. *See Flowers*, 220 S.W.3d at 925. Accordingly, we conclude that a rational trier of fact could have found beyond a reasonable doubt (1) that a prior conviction for DUI in Oklahoma cause number CF-91-5689 existed and (2) that legally sufficient evidence linked Smith to that conviction. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). This point of error is overruled.

9

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     May 7, 2013
Date Decided:       May 24, 2013

Publish