**Opinion filed September 19, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00071-CR

_____

## MICHAEL DAVID WHITE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 17694B**

## O P I N I O N

The jury convicted Michael David White of felony driving while intoxicated. The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of nine years. In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

*Background Facts*

Officer Mary Guitar of the Abilene Police Department testified that she responded to a report of a possible intoxicated driver at the McDonald's on North First Street in the early morning hours of January 24, 2010. When she arrived at the restaurant, Officer Guitar observed a white pickup in the drive-through lane. She observed that the engine of the vehicle was running and that the brake lights were illuminated. She also observed that Appellant was the sole occupant of the vehicle and that he had "passed out" behind the steering wheel. She further observed that the transmission of the vehicle was in "drive." Officer Guitar pounded on the driver's side window to wake Appellant. When Appellant finally awoke, she asked him to put the vehicle in "park." Appellant responded by unlocking the door of the vehicle. Another officer then entered the passenger's side of the vehicle and placed the vehicle in park.

Officer Guitar testified that she could smell the odor of alcohol when she opened the door of Appellant's vehicle. She requested Appellant to exit the vehicle whereupon she administered field sobriety tests. She subsequently arrested Appellant for driving while intoxicated. After agreeing to provide a breath specimen, Appellant answered affirmatively to Officer Guitar's question as to whether he was operating the vehicle.

Appellant called his fiancée and a friend as witnesses at trial. Anna Watson testified that Appellant called her from a bar asking for a ride home. She testified that Appellant did not want to leave his vehicle at the bar so she drove his vehicle and left her car at the bar. Appellant told Watson that he wanted to stop at McDonald's to get something to eat on the way home. After Appellant placed his order at the drive-through window, he discovered that he did not have enough money to purchase the food that he ordered. An argument ensued between Appellant and the cashier. As a result of the argument, Watson testified that she

pulled the vehicle forward and exited the vehicle, leaving it there with Appellant. Watson testified that she turned off the engine to the vehicle prior to leaving it in the drive-through lane of McDonald's. She initially took the keys with her, but Appellant retrieved them from her prior to her departure with Appellant's friend, John Mayfield. She then left with Mayfield to retrieve her car at the bar.

Appellant also testified on his own behalf. He stated that he never drove the vehicle or put it in gear. However, Appellant admitted on cross-examination that he did not remember what transpired that night.

*Standard of Review*

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.— Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the fact-finder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

*Analysis*

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Under a hypothetically correct jury charge, Appellant committed the offense of driving while intoxicated if he (1) was intoxicated (2) while operating a motor vehicle (3) in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012). Appellant restricts his evidentiary challenge solely to the element of operating a motor vehicle. He contends that only a "modicum" of evidence was presented to show that he was operating the vehicle. We disagree.

The Texas Penal Code does not define "operating" for the purposes of the DWI statute. *Denton v. State*, 911 S.W.2d 388, 389 (Tex. Crim. App. 1995); *Smith v. State*, 401 S.W.3d 915, 919–20 (Tex. App.—Texarkana 2013, pet. ref'd). However, the Texas Court of Criminal Appeals has concluded that a person operates a vehicle when the totality of the circumstances demonstrates that the person "took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton*, 911 S.W.2d at 390; *see also Dornbusch v. State*, 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008, no pet.); *Barton v. State*, 882 S.W.2d 456, 459 (Tex. App.—Dallas 1994, no pet.). Under this standard, "operating" a motor vehicle is interpreted very broadly. *Dornbusch*, 262 S.W.3d at 436; *Strong v. State*, 87 S.W.3d 206, 215 (Tex. App.—Dallas 2002, pet. ref'd), *abrogated on other grounds by Pfeiffer v. State*, 363 S.W.3d 594 (Tex. Crim. App. 2012). "[W]hile driving does involve operation, operation does not necessarily involve driving." *Denton*, 911 S.W.2d at 389. "Because 'operating a motor vehicle' is defined so broadly, any action that is more than mere preparation toward operating the vehicle would necessarily be an 'action to affect the functioning of [a] vehicle in a manner that would enable the vehicle's use.'"

4

*Strong*, 87 S.W.3d at 216 (quoting *Barton*, 882 S.W.2d at 459); *see also Smith*, 401 S.W.3d at 919–20; *Dornbusch*, 262 S.W.3d at 436. The action need not be successful in causing the vehicle to function for the person to be operating it. *Strong*, 87 S.W.3d at 215.

Texas courts have upheld DWI convictions in cases where a person is not actually driving or moving the vehicle. *See, e.g.*, *Denton*, 911 S.W.2d at 388 (defendant unable to accelerate because vehicle required time to warm up); *Dornbusch*, 262 S.W.3d 432 (defendant asleep in driver's seat of idling vehicle parked in parking lot); *see also Hearne v. State*, 80 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (defendant asleep behind wheel of idling vehicle in "Park" in roadway); *Barton*, 882 S.W.2d at 457 (same, but vehicle in "neutral"). Thus, the case law is clear that operating a vehicle does not necessarily involve driving or moving. *See Denton*, 911 S.W.2d at 389. One can be operating a vehicle without actually causing the vehicle to function. *Strong*, 87 S.W.3d at 215.

Officer Guitar testified that Appellant was sitting behind the steering wheel of the vehicle with the engine running, the transmission in drive, and the brakes engaged. Furthermore, Watson testified that she turned the engine off prior to leaving Appellant in the drive-through. This testimony constitutes evidence that Appellant "took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton*, 911 S.W.2d at 390. Additionally, Appellant admitted to operating the vehicle at the scene when being questioned by Officer Guitar. The testimony that Watson drove Appellant to the McDonald's and left him there does not address the acts that Appellant undertook with regard to the vehicle after she left. Additionally, the jury was free to reject Appellant's self-serving testimony at trial that he was not operating the vehicle, particularly in light of his admission that he could not recall what transpired at the scene. Reviewing all of the evidence in the light most favorable to the verdict, we conclude that any

rational trier of fact could have found beyond a reasonable doubt that Appellant was operating the vehicle. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


TERRY McCALL

JUSTICE


September 19, 2013

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.