

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00084-CR

_____

LUIS CORTINA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. F-2012-1740-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Luis Cortina was convicted of two counts of indecency with a child by contact and one count of indecency with a child by exposure; he was sentenced to twenty, twenty, and ten years, respectively, to run consecutively.[1] He contends the evidence was insufficient to convict on each of the three counts, that the evidence on count two was insufficient for lack of proof of a date of the offense, and that the recording of the mother's 9-1-1 call was erroneously admitted. We affirm the judgment of the trial court, because (1) the evidence was sufficient to support the three convictions, (2) evidence of the date of offense on count two was sufficient, and (3) admitting the recording of the 9-1-1 call was not harmful error.

### *(1)    The Evidence Was Sufficient to Support the Three Convictions*

In evaluating legal sufficiency of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

772, 778 (Tex. Crim. App. 2007); *Smith v. State*, 401 S.W.3d 915, 920 (Tex. App.—Texarkana 2013, pet. ref'd).

The evidence shows that the child's mother caught Cortina in a bedroom standing in front of the child while the child was lying on the bed, with her pants and underwear down. When the mother started to enter, he tried to slam the door shut, went to wash his hands, and claimed he was changing the child's clothes. No other clothes were found nearby. Police were called. These portions of the testimony are not contested.

Testimony about the acts comes from three sources. The victim testified that Cortina "poked" her in her "butt," Cortina's minor son testified that he walked in on Cortina touching the victim on two other occasions, and the victim's mother testified about walking in on Cortina and the victim during the third occasion and that the victim told her "[h]e was poking my butt." The mother explained that, to the child, the word "butt" means her inside, private area without distinguishing between her vagina and anus.

### a. Count Three

Cortina argues that the evidence is insufficient in count three to show that he had the statutorily required intent to "arouse or gratify . . . sexual desire." TEX. PENAL CODE ANN. §§ 21.01(2), 21.11 (West 2011). Thus, the question as posited here is whether the evidence that he exposed the child and touched her as described by witnesses and the child is sufficient to show that he had the intent to arouse or gratify his sexual desire as required by the statute. *See id.* Intent may be directly proven, or it may be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim.

3

App. 2004); *Williams v. State*, 305 S.W.3d 886, 891 (Tex. App.—Texarkana 2010, no pet.). In this case, in connection with each charge, Cortina was seen in front of the child, with her pants and underwear off and her genitals visible, and she testified that he "poked" her in her private area.

Cortina admitted that he caused her genitals to be exposed (in relation to count three), but claimed to be changing her clothes. However, there were no other clothes in the area, and his attempt to bar the mother from the room and behavior immediately thereafter suggests that this suggested reason was untrue. There was also evidence that the child was able to dress herself and go to the bathroom by herself and that she would, in any event, have asked another for any needed help rather than Cortina. We believe that a jury may reasonably infer that Cortina's reason for touching the child as to count three was to gratify or arouse himself sexually.

*b. Counts One and Two*

Cortina next argues that the evidence was insufficient as to counts one and two because the State's sole witness on those counts, Cortina's minor son, was not credible. As pointed out by Cortina, his son's testimony constitutes the only evidence about the occasions alleged in counts one and two.

Cortina's argument is simply that his son was not credible, because, when interviewed four days after the incident, he had originally denied seeing his father touch the child, and changed his story only after "[a] few months," which included counseling at the Children's Advocacy Center. He argues that no reasonable jury could believe this testimony, and without it, there is no evidence that he committed the crimes alleged in counts one and two.

4

This argument fails because the jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). There are some narrow exceptions to that general rule, not applicable here. *See Johnson v. State*, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). The appellate court can consider only those few matters bearing on credibility that can be fully determined from a cold appellate record. "Such an approach occasionally permits some credibility assessment but usually requires deference to the jury's conclusion based on matters beyond the scope of the appellate court's legitimate concern." *Id.* Thus, conflicts between witnesses will generally be inviolate, but the validity of testimony can be treated as questionable because of other factors, such as adverse conditions affecting the ability of the witness to observe an assailant. *Id.* at 9.

In this situation, the conflict is between the story originally told by the witness, and that which the minor son changed to at some point between a few weeks and a few months after his father was arrested. Determining the credibility of a witness in this situation is the function of the jury, and there is no apparent reason under this state of the record that would justify our external reassessment of its credibility determination. The contention of error is overruled.

*(2)     Evidence of the Date of Offense on Count Two Was Sufficient*

Cortina next contends, in a difficult argument to win, that the evidence is insufficient to support conviction for count two because the State failed to prove the on-or-about date alleged by the indictment. As amended, the indictment alleges in count two that Cortina committed the offense on or about August 16, 2011.[2] In the absence of any argument from Cortina about a lack

---

[2]The allegation is set out in count three of the amended indictment, but shows as count two of the jury charge.

5

of notice and inability to prepare for trial, all that is required of the State is to prove that the act occurred before the presentment of the indictment and within the statutory limitations period. *Sledge v. State*, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997). There is no statutory limitations period for indecency with a child. TEX. CODE CRIM. PROC. ANN. art 12.01(1)(e) (West Supp. 2013). The event necessarily occurred at a time before Cortina's arrest, and the son testified that he saw his father touching the victim twice, that the first time was during the summer of 2011, and that he had not seen his father between August 19, 2011, and the commencement of trial. Although he did not testify to a specific date for the second occurrence, under this timeline, it necessarily was after the first occurrence and before the date of his father's arrest. The evidence is legally sufficient.

*(3)    Admitting the Recording of the 9-1-1 Call Was Not Harmful Error*

Cortina contends that the court committed reversible error by overruling his objection to State's Exhibit 41, the recording of the 9-1-1 call made by the victim's natural father to report the August 19, 2011, incident. In the background of the call, one can hear the hysterical, and entirely unintelligible, screaming and yelling of the victim's mother. Cortina's unsuccessful objection was made just under Rule 403, and he claims that, although the recording was relevant, its prejudicial impact substantially outweighs its probative value. *See* TEX. R. EVID. 403.

Cortina argues that the tape is itself cumulative and repetitive, that whatever evidentiary value it might have had had already been provided through other sources. Therefore, he argues, the emotional and prejudicial aspects of the call as reflected by the distraught remonstrations of the mother outweighed any evidentiary value the recording might have. The trial court

6

concluded that, though the prejudicial effect of the recording outweighed its probative value, there was not a *substantial* imbalance, so exclusion was not required.

The State attempts several arguments in support of the trial court's ruling. It argues that the fact the mother was hysterical in some way shows the guilt of Cortina. Her hysteria does not indicate that Cortina is guilty. If there were any doubt about the question of whether she observed him in front of her daughter, it might have some value. That was not, however, in question in this case, as it had been proven without contradiction. The case cited in support of that position held that a call from a sexual assault victim was admissible because it showed a reason why the victim could not identify her attacker. *See Brooks v. Stat*e, 833 S.W.2d 302, 304 (Tex. App.—Fort Worth 1992, pet. ref'd). The reasoning in that case does not apply here.

The State also argues that the recording in some way creates a framework for the State's case. That argument is based on the description of the situation by the father of the child during the call. That information is provided in other locations as well, in testimony by the same person. It is largely cumulative of other testimony—as trial counsel argued to the trial court. After the judge found that its probative value was outweighed by its prejudicial value, the State again argued that it was not *substantially* outweighed, suggesting that it would corroborate what the witnesses testified to, and that the unintelligible statements by the mother were excited utterances or present sense impressions.[3]

The trial judge agreed that Rule 403 required that the probative value be *substantially* outweighed by its prejudicial effect, found that it was not, and admitted the recording. Trial

---

[3]We do not address the legal correctness of either of these reasons advanced by the State.

7

judges must exclude evidence when its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403; *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990) (op. on reh'g). In making this determination, the trial judge should "consider the inherent tendency that some evidence may have to encourage resolution of material issues on an inappropriate basis and should balance carefully against it the host of factors affecting probativeness, including relative weight of the evidence and the degree to which its proponent might be disadvantaged without it." *Fuller v. State*, 829 S.W.2d 191, 206 (Tex. Crim. App. 1992).

A trial court's decision in balancing these factors is reviewed for an abuse of discretion and is disturbed on appeal only when the trial court's decision falls outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

In this case, the evidence was essentially cumulative. It portrays the initial report of the latest incident to the authorities and contains statements by the father as he attempted to communicate the problem and his location to the 9-1-1 operator, but little that is not provided elsewhere. The recording is, in places, difficult to understand because of the background noise, which consisted of completely unintelligible screaming and yelling by the mother. Unfair prejudice refers to a tendency to suggest decision on an improper basis, commonly, although not necessarily, an emotional one. *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). Evidence might be unfairly prejudicial if, for example, it arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence. *Id.* Though the mother's emotional state is portrayed in the background of the recording, our judgment is that

the background nature and relative sameness of that content ameliorates the recording's impact on the jury.

The question we face is whether the court abused its discretion in applying the balancing test—whether the decision to admit the evidence is outside the zone of reasonable disagreement. We conclude that it is not.

Even if the trial court erred in admitting the recording, however, we are not convinced that the admission of the recording is harmful. The improper admission of evidence is nonconstitutional error, and is thus considered harmless if, after examining the record as a whole, we are reasonably assured that the error did not influence the jury's verdict or had but a slight effect. TEX. R. APP. P. 44.2(b); *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). In light of the state of the other testimony and the basic lack of value of this recording, we are reasonably assured that any error did not influence the verdict. The contention of error is overruled.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted: November 12, 2013
Date Decided: December 11, 2013

Do Not Publish

9