

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00463-CR

Billy Ray **THURMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 66th Judicial District Court, Hill County, Texas
Trial Court No. 37,134
Honorable F. B. (Bob) McGregor Jr., Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:   Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  April 9, 2014

AFFIRMED

A jury found Billy Ray Thurman guilty of driving while intoxicated.  Thurman pled true to an enhancement allegation, and the trial court sentenced him to 28 years' imprisonment and assessed a fine of $5,000.  On appeal, Thurman contends the evidence is legally insufficient to support his conviction.

## BACKGROUND

At 4:10 P.M. on October 8, 2011, Thurman was driving a vehicle along F.M. 933 near Aquilla, Texas, when he was stopped for speeding by Hill County Deputy Sheriff Jeff Aguirre.

Immediately upon approaching Thurman, Deputy Aguirre smelled alcohol and observed that Thurman's eyes were glassy. Thurman told Deputy Aguirre that he consumed four beers since 1:30 P.M., including one beer which he "killed" as he was stopping the vehicle. Deputy Aguirre called Texas Department of Public Safety Trooper Donald Mills to conduct a DWI investigation. Thirty minutes after Thurman was stopped, Trooper Mills arrived and administered a standardized field sobriety test. Trooper Mills administered the following tests: (1) horizontal gaze nystagmus (HGN); (2) one-leg; (3) walk and turn; (4) finger-counting; and (5) alphabet recitation.

Thurman exhibited all six clues of intoxication on the HGN test. Thurman successfully completed the finger-counting test. Thurman exhibited seven out of eight clues on the "walk and turn" test and four out of four clues on the "one-leg" test. Before completing these tests, Thurman informed Trooper Mills that he suffered from a permanent foot injury which caused him to limp and prevented him from maintaining a proper balance. When asked to recite the alphabet beginning with the letter "C," Thurman was unable to recite more than a few letters in the right order, even though Thurman stated he had completed high school. Thurman was subsequently placed under arrest for driving while intoxicated and transported to the Hill County Jail. Approximately an hour and forty minutes after he was stopped by Deputy Aguirre, Thurman voluntarily submitted to an intoxilyzer test administered by Trooper Mills. The test results revealed that Thurman's breath alcohol concentration (BAC) was 0.128 grams of alcohol per 210 liters of breath at 5:50 P.M. and 0.126 grams of alcohol per 210 liters of breath at 5:52 P.M.

## STANDARD OF REVIEW

The standard for reviewing sufficiency of the evidence in a criminal appeal is the *Jackson v. Virginia* legal sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). "In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and

determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). "[W]hen viewing the evidence in the light most favorable to the verdict, 'the reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony.'" *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013) (quoting *Brooks*, 323 S.W.3d at 899). "Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* at 771 (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

### DISCUSSION

To establish that a person has committed the offense of driving while intoxicated, the State must prove that the person was: (1) intoxicated; (2) while operating a motor vehicle; (3) in a public place. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2013); *White v. State*, 412 S.W.3d 125, 128 (Tex. App.—Eastland 2013, no pet.). Thurman contends the evidence is insufficient to prove (1) he was intoxicated; and (2) that he was intoxicated *while* he was driving.

*A. Intoxication*

The Texas Penal Code provides two alternate means by which the State may prove that a person is "intoxicated." *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012). Under the "impairment" theory, the State must prove that the person did not have "the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011); *see Bagheri v. State*, 119 S.W.3d 755, 762 (Tex. Crim. App. 2003). Under the "per se" theory, the State must prove that the person

had an "alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011); *see Bagheri*, 119 S.W.3d at 762. The jury was charged with finding Thurman guilty under either theory.

### 1. *Per Se Theory*

Thurman contends the evidence is insufficient to establish intoxication because the State's testifying expert, Bob Browder, did not state Thurman's BAC in terms of the legal standard of grams of alcohol per 210 liters of breath. *See* TEX. PENAL CODE ANN. § 49.01(1)(A) (West 2011). Browder, a senior technical supervisor with the Texas Department of Public Safety, testified at trial that Thurman's BAC results were ".128" and ".126." The State then asked Browder, "How can those results be expressed in terms of grams of alcohol per 210 liters of breath sample?" Browder responded, "Well, grams of alcohol per 210 liters of breath are our units of expression. That's how we measure breath alcohol." Viewing the evidence in the light most favorable to the verdict, we hold that a rational juror could have determined that Browder's testimony expressed Thurman's BAC in terms of the proper legal standard. Accordingly, the evidence is sufficient to establish that Thurman was intoxicated because his BAC exceeded 0.08 grams of alcohol per 210 liters of breath. *See Glanton v. State*, No. 05-00-01844-CR, 2002 WL 1308804, at*2 (Tex. App.—Dallas, pet. ref'd) (mem. op., not designated for publication).

### 2. *Impairment Theory*

The evidence is also sufficient to prove that Thurman was intoxicated under the "impairment theory." BAC test results are "highly probative to prove both per se and impairment intoxication." *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010). Additionally, facts supporting an inference of intoxication include a defendant's odor of alcohol, glassy eyes, inability to perform field sobriety tests, speeding, and admission of consuming alcohol. *See Zill v. State*, 355 S.W.3d 778, 785–86 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Deputy Aguirre testified

that Thurman smelled of alcohol, his eyes were glassy, he acknowledged consuming four beers in the preceding three hours, and he was speeding. Thurman failed every field sobriety test except for the finger-counting test. Trooper Mills testified that he believed Thurman was intoxicated. The video and audio recordings of Thurman's interaction with both Deputy Aguirre and Trooper Mills were shown to the jury. Trooper Mills testified that he observed Thurman's limp and took it into consideration. Even if the "walk and turn" and "one-leg" tests are disregarded; however, there still exists sufficient evidence to prove Thurman did not have normal use of his physical and mental faculties. *See Burkett v. State*, 179 S.W.3d 18, 26 (Tex. App.—San Antonio 2005, no pet.) (evidence sufficient to prove intoxication under impairment theory where defendant with physical disabilities failed sobriety tests, exhibited six clues on HGN test, and smelled of alcohol). Viewing the evidence in the light most favorable to the verdict, we hold that a rational juror could have determined that Thurman did not have normal use of his mental and physical faculties.

*3. Temporal Link*

In order for the State to prove that a person was intoxicated *while* operating a vehicle, it must establish "a temporal link between the defendant's intoxication and his driving." *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Here, the State admitted expert retrograde extrapolation evidence in the form of Browder's testimony to establish that Thurman's BAC exceeded the legal limit at a point in time immediately preceding the traffic stop.[1] Evidence of a defendant's BAC, by itself, is not sufficient to prove intoxication at the time of driving. *Kirsch*, 306 S.W.3d at 745. "There must be other evidence in the record that would support an inference that the defendant was intoxicated at the time of driving as well as at the time of taking the test."

---

[1] "Retrograde extrapolation is the scientific process of 'working backward' from the BAC test to an estimate of the person's actual BAC at the time of driving." *State v. Mechler*, 153 S.W.3d 435, 447 n.22 (Tex. Crim. App. 2005) (Cochran, J., concurring) (citations omitted).

*Id.* Evidence of a defendant's BAC in addition to expert testimony of retrograde extrapolation is sufficient to prove the temporal link between the defendant's intoxication and his driving under the "per se" theory of intoxication. *Id.* at 745–46. Because Thurman did not challenge the admissibility of the extrapolation evidence at trial, we will review the evidence, as presented to the jury, to determine whether it is sufficient to prove that Thurman was intoxicated while he was driving. *See Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004).

Thurman submitted to the intoxilyzer test an hour and forty minutes after Deputy Aguirre stopped him. Trooper Mills testified that Thurman's BAC was 0.128 and 0.126 at the time of the test. Browder testified that Thurman's BAC at the time of the stop was 0.156. Thurman, however, told Deputy Aguirre that he had "killed" a single beer as he was pulling over. Assuming that Thurman consumed an entire beer as he was pulling over, Browder further extrapolated that Thurman's BAC was at least 0.126 immediately preceding the stop but before Thurman consumed the last beer. Thus, even a conservative extrapolation placed Thurman's BAC well over 0.08 at a point in time while he was driving. Viewing the evidence in the light most favorable to the verdict, we hold the evidence is sufficient to prove that Thurman was intoxicated while operating a motor vehicle under the "per se" theory of intoxication.[2]

## CONCLUSION

The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH

---

[2] Accordingly, it is not necessary to determine whether the State established the temporal link under the "impairment theory." "[W]hen the trial court's charge authorizes conviction on several different theories, the verdict will be upheld if the evidence is sufficient on any one of the theories." *Owens v. State*, 135 S.W.3d 302, 306 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003)).