Opinion filed March 19, 2026



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00285-CR

_____

## ERNEST VILLA MARQUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-22-0917-CR**

## MEMORANDUM OPINION

A jury convicted Appellant, Ernest Villa Marquez, of the third-degree felony offense of driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2025). Enhanced by a habitual felony offender finding, the jury assessed Appellant's punishment at imprisonment in the

Institutional Division of the Texas Department of Criminal Justice for thirty-seven years, and the trial court sentenced him accordingly. *See id.* § 12.42(d).

In a single issue, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

I. *Factual and Procedural History*

On the evening of April 20, 2022, Jose Garcia was at home changing one of the tires to his pickup when he noticed a black pickup speed by. After changing the tire, Garcia followed the speeding pickup to a nearby convenience store. Once he arrived there, Garcia confronted the driver of the pickup; Garcia identified the driver as Appellant. Based on his encounter with Appellant, Garcia believed that Appellant was intoxicated because he smelled the odor of alcohol on Appellant's person and Appellant swayed as he walked. Appellant eventually threatened Garcia with a crowbar, so Garcia left the convenience store and drove home.

Shortly thereafter, Appellant returned to Garcia's neighborhood and began driving recklessly in front of Garcia's home. After Appellant pointed a gun at him and drove away, Garcia called 9-1-1 and provided a description of the events that had transpired, Appellant, and the pickup that Appellant was driving. According to Garcia, Appellant was the sole occupant of this pickup.

Detective Alejandro Reyes with the Odessa Police Department (OPD) was on patrol that evening and was dispatched to Garcia's residence. Another officer arrived on scene and made contact with Garcia. Detective Reyes then patrolled the area searching for Appellant. After obtaining Appellant's address, which was located approximately three blocks from Garcia's home, Detective Reyes drove there and noticed a black Chevrolet pickup, that matched Garcia's description of it, parked on the street nearby.

Detective Reyes drove by the parked pickup and observed a Hispanic male—Appellant—sitting in the driver's seat. At the time, the pickup's engine was running. According to Detective Reyes, Appellant was the only person in the parked pickup, and he was "slouched almost to the point" of laying down in the driver's seat as if he was attempting to hide. After he passed it, Detective Reyes began turning his patrol unit around so that he could park behind the parked pickup and contact the driver. As he was doing so, Detective Reyes saw the occupant of the parked pickup—Appellant—exit and walk at a swift pace toward a nearby home.

Detective Reyes activated his patrol unit's overhead lights and siren to indicate to Appellant that he was initiating a traffic stop; however, Appellant continued walking away. Detective Reyes then exited his patrol unit, drew his firearm, and instructed Appellant to stop and show his hands. Appellant ignored Detective Reyes's commands, continued walking away from him at a swift pace, and maneuvered behind a pickup that was parked in the home's driveway. Detective Reyes lost sight of Appellant for a short time but he and another OPD officer later found Appellant hiding underneath the pickup that was parked in the driveway. Detective Reyes and other OPD officers detained Appellant and noticed that (1) a strong odor of alcohol was emanating from Appellant's breath and person, (2) his eyes were "glassy" and bloodshot, (3) his balance was unsteady, and (4) his speech was slurred. The officers also noted that Appellant had difficulty following instructions during their administration of field sobriety tests, the results of which showed numerous positive indicators of intoxication.

While Appellant was detained, OPD Officer Calvin Tayler searched Appellant's pickup and removed a rifle, two paintball guns, and two open containers of beer that were located in the vehicle; the rifle was by the passenger seat, the paintball guns were on the passenger side floorboard next to an open container of

beer, and the other open container of beer was in the center of the floorboard in the back of the pickup. During the search, Officer Tayler noticed a "very, very overwhelming distinct odor of alcoholic beverage emitting from inside" Appellant's pickup. Like the other officers, Officer Tayler smelled a strong odor of alcohol on Appellant's person, and he noticed that Appellant had slurred speech, bloodshot eyes, could not maintain his balance, and had difficulty walking and following instructions. Based on their investigation, the officers on site determined that Appellant was intoxicated and he was arrested for DWI.

## II. *Sufficiency of the Evidence*

In his sole issue, Appellant argues that the evidence is legally insufficient to support his conviction for DWI because the State failed to prove that he *drove* his pickup while intoxicated. Specifically, Appellant contends that the evidence cannot support his conviction because (1) no law enforcement officer observed him drive his pickup that evening, and (2) Garcia's testimony is not credible.

### A. *Standard of Review*

We review a challenge to the sufficiency of the evidence, regardless of whether it is framed as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd).

Under the *Jackson* standard, we review the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational juror could have found that the State proved the essential elements of the charged offense beyond a reasonable doubt. *Baltimore v. State*, 689 S.W.3d 331, 341 (Tex. Crim. App. 2024) (citing *Jackson*, 443 U.S. at 319); *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023). "This familiar

standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021) (quoting *Jackson*, 443 U.S. at 319). Therefore, if the record supports conflicting inferences, we must "presume that the factfinder resolved the conflicts in favor of the prosecution" and we defer to the factfinder's factual determinations. *Garcia*, 667 S.W.3d at 762 (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)). In this regard, we may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence presented. *Id.* (citing *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010)); *Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007).

The *Jackson* standard requires that we consider all the evidence admitted at trial, including evidence that may have been improperly admitted, and that we treat direct and circumstantial evidence equally. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Starks v. State*, 684 S.W.3d 868, 873 (Tex. App.—Eastland 2024, no pet.). As such, it is not necessary that the evidence directly prove the defendant's guilt. Rather, circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt and can alone be sufficient to establish the defendant's guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *Lee v. State*, 676 S.W.3d 912, 915 (Tex. App.—Eastland 2023, no pet.).

Each fact need not point directly and independently to a defendant's guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Because evidence must be considered cumulatively, we may not use a "divide and conquer" approach for evaluating the

5

sufficiency of the evidence. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). Therefore, in evaluating the evidence, we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Isassi*, 330 S.W.3d at 638.

Finally, we measure the sufficiency of the evidence by comparing the evidence produced at trial against the essential elements of the charged offense as defined by the hypothetically correct charge for the case. *Turley v. State*, 691 S.W.3d 612, 617 (Tex. Crim. App. 2024); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Turley*, 691 S.W.3d at 617 (citing *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019)). "The law authorized by the indictment consists of the statutory elements of the offense as modified by the indictment allegations." *Baltimore*, 689 S.W.3d at 341.

B. *Applicable Law*

Appellant was indicted for felony driving while intoxicated. *See* PENAL §§ 49.04(a), 49.09(b)(2). To support a conviction for this offense, the State was required to prove that Appellant was "intoxicated while *operating* a motor vehicle in a public place." *See id.* § 49.04(a) (emphasis added); *State v. Espinosa*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023). As relevant here, the term "intoxicated" means a person has lost the normal use of his mental or physical faculties by reason of the introduction of alcohol. PENAL § 49.01(2)(A) (West 2011).

Although the terms "operate" or "operating" are not defined in the Penal Code, the Court of Criminal Appeals has held that to determine if a person has

6

operated a motor vehicle "the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Maciel v. State*, 631 S.W.3d 720, 724 (Tex. Crim. App. 2021) (citing *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995)); *see also Espinosa*, 666 S.W.3d at 667. The court has further defined the term "to operate" as "to exert personal effort to cause the vehicle to function." *Maciel*, 631 S.W.3d at 724 (quoting *Kirsch v. State*, 357 S.W.3d 645, 652 (Tex. Crim. App. 2012)).

In DWI cases, the term "operating" a motor vehicle has been interpreted broadly. *Priego v. State*, 457 S.W.3d 565, 569 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Smith v. State*, 401 S.W.3d 915, 919 (Tex. App.—Texarkana 2013, pet. ref'd)). "[W]hile driving does involve operation, operation does not necessarily involve driving." *Denton*, 911 S.W.2d at 389; *Priego*, 457 S.W.3d at 569. Indeed, as this court and others have held, the operation of a motor vehicle can nonetheless be established without eyewitness testimony that the defendant was in fact *driving* the vehicle while in a state of intoxication. *White v. State*, 412 S.W.3d 125, 128–29 (Tex. App.—Eastland 2013, no pet.); *see Kinnett v. State*, 623 S.W.3d 876, 898 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (DWI convictions upheld in situations where the vehicle's engine was running but, when engaged by law enforcement, the defendant was neither in nor driving the vehicle); *see also Villareal v. State*, No. 11-23-00218-CR, 2025 WL 994023, at *3–5 (Tex. App.—Eastland Apr. 3, 2025, no pet.) (mem. op., not designated for publication); *Gameros v. State*, No. 11-19-00395-CR, 2021 WL 4998897, at *6 (Tex. App.—Eastland Oct. 28, 2021, no pet.) (mem. op., not designated for publication) (collecting cases).

C. *Analysis*

Despite Appellant's contentions, we conclude that the State presented sufficient evidence that Appellant *operated* his pickup while intoxicated as charged in the indictment. Garcia, whose testimony Appellant asserts is lacking in credibility, observed Appellant driving his pickup in a reckless manner several times before he called 9-1-1 and reported Appellant's conduct. Upon locating Appellant's pickup and identifying it and him, Detective Reyes saw Appellant sitting in the driver's seat of the pickup while the engine was running. Although Appellant ignored Detective Reyes's commands to stop walking away after he exited his pickup, and then eluded him, albeit temporarily, Detective Reyes was certain that the person he saw in the parked pickup with the engine running, and which he and other OPD officers later found underneath a different pickup that was parked in a driveway, were the same—Appellant. Further, Garcia and Detective Reyes, both of whom identified Appellant, testified that Appellant was the sole occupant of the pickup when he was observed either driving it or sitting in it. This evidence, without more, is sufficient to show that Appellant "operated" his pickup within the meaning of Section 49.04(a) and controlling precedent. *See* PENAL § 49.04(a); *Maciel*, 631 S.W.3d at 724; *Kinnett*, 623 S.W.3d at 898; *Priego*, 457 S.W.3d at 569; *White*, 412 S.W.3d at 128; *Villareal*, 2025 WL 994023, at *3–5; *Gameros*, 2021 WL 4998897, at *6.

As for Appellant's state of intoxication while operating the pickup, the evidence is more than sufficient to support this element of the charged offense. The officers who confronted Appellant that evening testified that (1) a strong odor of alcohol emanated from Appellant's breath and person, (2) his eyes were "glassy" and red, (3) his balance was unsteady, (4) his speech was slurred, and (5) he could not follow the officers' instructions while field sobriety tests were administered.

Here, the officers' observations and determinations are probative and provide a sufficient basis to establish Appellant's intoxication. *See Emerson v. State*, 880 S.W.2d 759, 763 (Tex. Crim. App. 1994); *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979); *Daniel v. State*, 547 S.W.3d 230, 243–44 (Tex. App.—Eastland 2017, no pet.); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Moreover, the results of the field sobriety tests that were administered to Appellant clearly show that he was intoxicated. *See Kirsch*, 306 S.W.3d at 745 (Characteristics such as stumbling, swaying or a staggering gait, unsteady balance, slurred speech, mumbling words, bloodshot or glassy eyes, and the odor of alcohol are the "usual indicia of intoxication."); *Cotton v. State*, 686 S.W.2d 140, 142–43 & 142 n.3 (Tex. Crim. App. 1985) (same); *see also Nelson v. State*, 504 S.W.3d 410, 413 (Tex. App.—Eastland 2016, pet. ref'd) (concluding that the evidence was sufficient to show that the defendant was intoxicated where officers observed his eyes were glassy and his speech was slurred, and the defendant did not successfully complete the field sobriety tests).

We recognize that in this case, as in all cases, the jury may believe or reject all, some, or none of any witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Adleman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); *Reyes v. State*, 465 S.W.3d 801, 805 (Tex. App.—Eastland 2015, pet. ref'd) (citing *Sharpe v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986)); *see Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. As such, the jury is tasked with weighing and resolving any conflicts in the evidence. *See Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 899.

Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that the record before us contains sufficient evidence from which a rational trier of fact could have logically inferred and found beyond a reasonable doubt that Appellant operated a motor vehicle while intoxicated as charged in the indictment.

Accordingly, we overrule Appellant's sole issue.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER
JUSTICE

March 19, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.