**Opinion filed September 8, 2016**



# In The

# Eleventh Court of Appeals

_____

## No. 11-14-00276-CR

_____

## CASE COOPER NELSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 25206A**

### O P I N I O N

The jury convicted Case Cooper Nelson of driving while intoxicated at a time when he had a passenger in the vehicle who was under fifteen years of age. TEX. PENAL CODE § 49.045 (West 2011). The trial court assessed Appellant's punishment at confinement for six months and a fine in the amount of $1,500. The imposition of the sentence was suspended, and Appellant was placed on community supervision for three years. We affirm.

In the first of two issues on appeal, Appellant argues that the evidence was insufficient to support the jury's verdict that he was driving while intoxicated at a time when a child under the age of fifteen was in the vehicle. Appellant asserts that, considering the totality of the evidence, it was irrational for the jury to find beyond a reasonable doubt that Appellant had "less than normal use" of his mental and physical faculties because of alcohol consumption or that Appellant had an alcohol concentration of at least 0.08 while driving.

We review the sufficiency of the evidence, whether denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia,* 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Brown v. State*, 381 S.W.3d 565, 573 (Tex. App.—Eastland 2012, no pet.) (citing *Jackson*, 443 U.S. at 314, 318 n.11, 320).

Brian Trail and Jeff Hogue, police officers with the Abilene Police Department, directed traffic after a fireworks show on July 4, 2012, in Abilene. When Appellant drove by the location of the fireworks display to see whether the fireworks were still occurring, he failed to obey Officer Trail's flashlight signal to

stop, and he almost hit Officer Hogue. Once Appellant had stopped his vehicle, Officer Hogue approached Appellant and directed him to move out of the lane of traffic. During his conversation with Appellant, Officer Hogue noticed an odor of alcohol and observed that Appellant's eyes were glassy and that his speech was slurred. Officer Hogue suspected that Appellant was driving while intoxicated.

Because his primary duty was to direct traffic that night, Officer Hogue called for another unit to conduct the driving-while-intoxicated investigation. Officer Chris Jennings arrived to conduct the DWI investigation. Officer Jennings testified that he also smelled the odor of alcohol, observed Appellant's glassy eyes, and noticed his slurred speech. Appellant admitted to drinking two glasses of whiskey and Diet Coke. Officer Jennings administered field sobriety tests. Appellant showed signs of intoxication on the horizontal gaze nystagmus test. Further, Appellant did not successfully complete the walk-and-turn test or the one-leg stand test. Accordingly, Appellant was arrested and taken to jail. Officer Jennings did, however, agree that Appellant appeared to have the normal use of his mental faculties.

Appellant voluntarily submitted to a breath test. Officer Panya Washington, the intoxilyzer operator for the Abilene Police Department, testified that she properly administered the breath test. The results showed that Appellant had an alcohol concentration of 0.094 and 0.092. Tamara Dill, the technical supervisor for the intoxilyzer program for the Department of Public Safety, testified that the machines are inspected monthly. On June 11, 2012, Dill inspected the machine that was used to test Appellant's breath. Dill confirmed that the machine was operating properly.

Dill also explained that, for a breath test to be valid, the operator must take two samples of the test subject's breath and that the results of the two samples must be within 0.02 of each other. Dill confirmed that the two samples taken from

Appellant were within that range. Upon cross-examination by defense counsel, Dill agreed that a reading of 0.072 would be within the 0.02 tolerance range.

Larry Davis was with Appellant when they were stopped. Davis testified that he and Appellant had both been drinking. Appellant admitted that his wife, Davis, and two children were in the vehicle and that he was driving. Appellant stated that they had all gone to the lake earlier in the day but that he was not drinking then. He testified that later, when they were cooking out, he drank two "Crown and Cokes" around 5:00 or 6:00 p.m. and that Davis and Appellant's wife were both intoxicated. Appellant denied that he was intoxicated.

The statutory definition of intoxication is "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . or (B) having an alcohol concentration of 0.08 or more." PENAL § 49.01(2).

Appellant argues on appeal that, because Officer Jennings acknowledged that Appellant appeared to have the normal use of his mental and physical faculties, the jury could not have found beyond a reasonable doubt that, while driving, Appellant had "less than normal use of his mental and physical faculties" from drinking alcohol. We note, however, that at trial, Officer Jennings only acknowledged that it appeared that Appellant had the normal use of his mental faculties. Further, Appellant contends that the video from the DWI investigation does not support the officer's claim that Appellant's speech was slurred or that Appellant failed the field sobriety tests. Appellant also asserts that, because a breath test result of 0.072 would be within the 0.02 tolerance range between the two samples, the jury could not have found beyond a reasonable doubt that Appellant had an alcohol concentration of at least 0.08.

The State stresses that the intoxilyzer was in good working order and that the testimony regarding the tolerance range is primarily targeted at the tolerance

4

between the two samples taken. Thus, because the readings were both over 0.08, it was reasonable for the jury to find Appellant guilty by having an alcohol concentration level of more than 0.08. Further, the State contends that, under the statute, it was not required to prove that Appellant did not have the normal use of both his mental and physical faculties, but only the loss of either. Therefore, because Appellant failed the physical part of the sobriety tests, it was reasonable for the jury to find Appellant guilty.

We agree with the State. Appellant disobeyed traffic signals and almost hit Officer Hogue with his vehicle. Appellant smelled of alcohol, exhibited slurred speech, was glassy-eyed, and failed field sobriety tests. Further, the jury heard the testimony of the officers and saw the video. We have likewise viewed the video. It was reasonable for the jury to agree that Appellant had lost the use of his physical faculties. Moreover, the evidence shows that the intoxilyzer was in good working order and that Appellant's breath test results were 0.092 and 0.094, both over the legal limit of 0.08. Therefore, after reviewing the evidence in the light most favorable to the verdict, we hold that a rational jury could have found beyond a reasonable doubt that Appellant was driving while intoxicated. Appellant's first issue is overruled.

In Appellant's second issue, he argues that the trial court should have required jury unanimity as to whether Appellant was intoxicated by reason of not having the normal use of his mental or physical faculties or by reason of having an alcohol concentration of 0.08 or more.

When reviewing a jury charge error, we must first determine whether there was error in the charge. *Olivas v. State*, 202 S.W.3d 137, 143–44 (Tex. Crim. App. 2006); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). If there was an error in the charge, the court must then determine whether the error was harmful

to the accused. *Olivas*, 202 S.W.3d at 143–44; *Almanza*, 686 S.W.2d at 171. If the error was not preserved, Appellant must show egregious harm. *Almanza*, 686 S.W.2d at 171.

In the indictment, the State alleged in the conjunctive that Appellant, "while intoxicated by having an alcohol concentration of at least 0.08 *and* by not having the normal use of his mental and physical faculties by reason of the introduction of alcohol," operated a motor vehicle with two passengers under the age of fifteen (emphasis added). The jury charge tracked the language of the statute. *See* PENAL § 49.01. The jury charge read: "[T]he defendant operated a motor vehicle . . . while intoxicated, by either . . . not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body" *or* by "having an alcohol concentration of 0.08 or more." Appellant did not object to the jury charge.

Texas law requires a unanimous jury verdict in felony criminal cases. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2016); *Stuhler v. State*, 218 S.W.3d 706, 716 (Tex. Crim. App. 2007); *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). Unanimity in this context means that each and every juror agrees that the defendant committed the same, single, specific criminal act. *Ngo*, 175 S.W.3d at 745. The definitions for intoxication under Section 49.01 "set forth alternate means by which the State may *prove* intoxication, rather than alternate means of *committing* the offense." *Bagheri v. State*, 119 S.W.3d 755, 762 (Tex. Crim. App. 2003). The conduct prohibited under the statute is the act of driving while in a state of intoxication. *Id.* "The unanimity requirement is not violated when the jury has the option of choosing between alternative modes of commission." *Pizzo v. State*, 235 S.W.3d 711, 715 (Tex. Crim. App. 2007). Further, "different modes of commission may be presented in a jury instruction in the

disjunctive when the charging instrument, in a single count, alleged the different means in the conjunctive." *Id.* Because Section 49.01 sets forth alternate means of proving intoxication, the trial court did not err in its submission of the charge in the disjunctive. We overrule Appellant's second issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


September 8, 2016

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.