Opinion filed July 12, 2018



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00242-CR

_____

## RANDY ABUNDIO BARRON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 17-7756**

## M E M O R A N D U M   O P I N I O N

The jury found Appellant, Randy Abundio Barron, guilty of tampering with or fabricating physical evidence.[1]   In the punishment phase of trial, Appellant pleaded true to the enhancement paragraphs in the State's notice, and the jury assessed punishment at confinement for twenty-five years, which was the minimum

---

[1]*See* TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2016).

sentence under the applicable enhancement statute.[2]   The trial court sentenced Appellant accordingly.  Appellant raises one issue on appeal.  We affirm.

## I. *Evidence at Trial*

Officer Jocelyn Renee Alcantar, of the Lamesa Police Department, received a call about a suspicious person with dark clothing in a residential area.  She then went to the residential area to see if she could find the person that matched the description.  Officer Alcantar testified that Appellant matched the description and was in the area.  Wearing her uniform and badge, Officer Alcantar approached Appellant.  Officer Alcantar got out of her patrol car, identified herself as a police officer, and told Appellant that he matched the description of a suspicious person in the area.  Officer Alcantar testified that she smelled a "strong odor of marijuana" and asked Appellant if she could "pat him down."  Appellant "then reached in his coat pocket," pulled some "foil" out, and put it in his mouth.  Officer Alcantar could see a "green leafy substance" and the foil in Appellant's mouth.   Officer Alcantar asked Appellant to spit out the substance, but Appellant refused and swallowed some of it.

## II. *Analysis*

Appellant's sole complaint is that the State adduced insufficient evidence to establish his conviction for tampering with or fabricating physical evidence as charged in the indictment.  We review Appellant's sufficiency challenge under the *Jackson* standard and "examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt."  *Nelson v. State*, 504 S.W.3d 410, 411 (Tex.

---

[2]*See id.* § 12.42(d) (West Supp. 2017).

2

App.—Eastland 2016, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Appellant argues that there was no evidence that he knew the police were investigating him for possession of narcotics at the time he put marihuana in his mouth. The grand jury alleged in the indictment that Appellant "destroy[ed] and conceal[ed] a suspected controlled substance" with the knowledge "that an investigation was in progress" and "with intent to impair its verity and availability as evidence in the investigation." Although the statute applies to situations where an investigation is "pending or in progress,"[3] the grand jury alleged in the indictment that Appellant knew that an investigation was "in progress," and the language used in the indictment controls our sufficiency review. *See Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) ("[T]he sufficiency of the evidence will be measured by the element that was actually pleaded . . . ."); *Barrow v. State*, 241 S.W.3d 919, 923 (Tex. App.—Eastland 2007, pet. ref'd) (explaining the difference between cases where the indictment alleges that an investigation was "pending" and those cases where the indictment alleges "in progress"). Appellant argues that, because Officer Alcantar did not tell him that she was searching for narcotics after she smelled marihuana, there was no evidence that he knew that there was an "in-progress" investigation for which the marihuana would have been evidence.

Appellant asserts that the holding in *Pannell v. State* controls in this case. In *Pannell*, the court held that the defendant had to be "be aware that the thing he altered, destroyed, or concealed was evidence in the investigation as it existed at the time of the alteration, destruction, or concealment." 7 S.W.3d 222, 223 (Tex. App.—Dallas 1999, pet. ref'd); *see Lumpkin v. State*, 129 S.W.3d 659, 663 (Tex. App.—

---

[3]*Id.* § 37.09(a)(1).

Houston [1st Dist.] 2004, pet. ref'd) (applying this rule to a case where "the State alleged only that appellant knew that an investigation was 'in progress,'" although rejecting it for cases where the indictment includes a "pending" allegation). We note that the Court of Criminal Appeals has criticized this rule because it adds an additional mental-state requirement, which is not supported by the language of Section 37.09(a)(1). *Williams v. State*, 270 S.W.3d 140, 143–44 (Tex. Crim. App. 2008); *see Lemarr v. State*, 487 S.W.3d 324, 329 (Tex. App.—Amarillo 2016, no pet.). The Fifth Court of Appeals has since recognized the rejection of its reasoning in *Pannell*. *Williams v. State*, No. 05-16-00877-CR, 2017 WL 5150846, at *2 n.2 (Tex. App.—Dallas Nov. 7, 2017, pet. ref'd) (mem. op., not designated for publication). Nevertheless, even under *Pannell* or *Lumpkin*, the State adduced sufficient evidence of Appellant's mental state.

Here, Appellant refused to spit out the marihuana and swallowed it after Officer Alcantar asked him to spit it out, which indicated that he knew she was investigating him for narcotics when he tampered with the evidence. *See Lewis v. State*, 56 S.W.3d 617, 625–26 (Tex. App.—Texarkana 2001, no pet.) (distinguishing its facts from *Pannell* "because the State showed he refused to spit out the cocaine or otherwise allow its removal after being ordered to do so"); *Barrow*, 241 S.W.3d at 923–24 (same). Additionally, because Officer Alcantar testified that the odor of marihuana was strong, a rational factfinder could have inferred that Appellant knew Officer Alcantar was investigating him for marihuana before he swallowed it. Therefore, the State adduced sufficient evidence to show beyond a reasonable doubt that Appellant, knowing that an investigation was in progress, tampered with the evidence. We overrule Appellant's sole issue.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


July 12, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.,[4]

---

[4] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.